In Re William A. RICHARDS, Debtor.

Edwyna RICHARDS, Plaintiff,

v.

William A. RICHARDS, Defendant.

Bankruptcy No. 1–88–00364.
Adv. No. 1–90–0076.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 9, 1991.

Gerald R. Leshner, Fairfield, Ohio, for debtor/defendant.

Paul E. Perry, Fairfield, Ohio, for plaintiff.

Charles Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION

BURTON PERLMAN, Chief Judge.

The present adversary proceeding is related to Chapter 7 bankruptcy case number 1–88–00364. The complaint was filed by plaintiff Edwyna Richards against her former husband, here defendant, William A. Richards, to determine the dischargeability of a certain debt under 11 U.S.C. § 523.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(I).

Our record is an Agreed Statement of Facts stipulated to by the parties. Such Statement comprises our findings of fact. In its entirety, it is as follows:

1. Edwyna Richards ("Wife") and William A. Richards ("Husband") were married on June 24, 1978.

2. Husband and Wife borrowed $10,-000.00 from Wife's parents Mr. and Mrs. Vernon Holman for the purpose of pur-

chasing a house for Husband and Wife during the marriage on October 31, 1983. The loan was obtained by the Holman's increasing the amount of their own mortgage loan secured by their own residence by $10,000.00. The $10,000.00 was used as a down payment to purchase a residence for Husband and Wife.

3. On March 31, 1989, a hearing was held before Judge Leslie Spillane of the Court of Common Pleas, Division of Domestic Relations, Butler County, Ohio, to resolve the property issues in the divorce case pending between Husband and Wife.

4. Exhibit "A" attached hereto is an accurate copy of the decision rendered by Judge Spillane. (Not here attached.)

5. Exhibit "B" attached hereto is an accurate copy of the final decree of divorce entered on May 1, 1989. (Not here attached.)

6. Husband and Wife paid a portion of the Holman's loan until September, 1989.

7. Wife moved out of the marital residence of Husband and Wife in 1987 leaving Husband to reside there alone.

8. The marital residence was sold in September, 1987. The net proceeds of approximately $1,800.00 were received by Wife.

9. From the date of the closing and the receipt of the proceeds by Wife until the date the bankruptcy was filed, no demand of any type, kind, or description, was made upon Husband by either Wife or her parents for repayment of this debt.

10. Husband filed an individual Bankruptcy herein on February 1, 1988, under Case No. 1–88–00364. He received a discharge.

11. Husband did not list either his estranged Wife nor her parents as creditors.

12. On June 22, 1988 Husband filed a divorce action in the Court of Common Pleas, Division of Domestic Relations, Butler County, Ohio, under Case No. DR88–07–1433. The divorce was contested and terminated by decree on May 1, 1989. The issue of the indebtedness to Wife's parents was not raised by Wife until the divorce was in process. The Domestic Relations Court made a ruling relative to the outstanding indebtedness which this Court has already received.

13. Husband has made no payments toward the loan since the date of the filing of the bankruptcy petition.

We are thus faced with a fact pattern where subsequent to a bankruptcy filing, a divorce action was filed by debtor's spouse, and a decree of divorce was entered. That decree contained a provision:

IT IS FURTHER ORDERED that the debt owing to the Defendant, Edwyna Richards', family in the amount of Seven Thousand, Seven Hundred, Ninety Dollars and four cents ($7,790.04) is a marital obligation and that each party shall pay one-half of the amount outstanding to Mr. and Mrs. Vernon Holman, the Defendant's parents.

After defendant's bankruptcy case was closed, he moved to have it reopened for the purpose of adding additional creditors, specifically, plaintiff and her parents, Mr. and Mrs. Holman. Such motion was granted, and thereafter plaintiff filed her complaint in the present adversary proceeding to determine the dischargeability of defendant's obligation to Mr. and Mrs. Holman.

Plaintiff argues that the post-filing divorce decree created a new debt as of the date of the decree, for at no time prior to the date of the decree did plaintiff have any enforceable right against defendant to compel him to contribute toward the payment of the Holman debt. Since it is post-filing, she says, it is unaffected by the bankruptcy. Defendant, on the other hand, argues that the debt was a pre-filing debt which arose at the time that the money was advanced by the Holmans and was discharged when he received his discharge in bankruptcy.

■ No question is raised about the regularity of the proceedings in the state Domestic Relations Court, nor that that court had jurisdiction to enter the decree that it did. What is under attack by debtor is one provision of that decree, debtor contending

that the obligation of that provision should be held discharged by his bankruptcy discharge.

We are not free to interfere with the operation of the decree of a state court of competent jurisdiction absent federal law which would call into play the Supremacy Clause. Principles of comity require that we otherwise accord full faith and credit to the decree of the state court.

The question, then, must be faced, whether the dischargeability issue here before us arises under federal law which should supersede the pertinent provision of the divorce decree. We hold that it does not.

 The present issue of dischargeability arises under § 523(a)(5), that Code section dealing with dischargeability of marital debts. The Bankruptcy Code does provide at § 523(c) that certain dischargeability grounds are within the exclusive jurisdiction of the bankruptcy court. Those arising under § 523(a)(5), however, are not included. Jurisdiction over dischargeability of marital debts is therefore not the exclusive province of the bankruptcy court. Instead, state courts and federal courts have concurrent jurisdiction over such matters. 28 U.S.C. § 1334(b). When the divorce decree was entered in the Ohio Domestic Relations Court, the state court had jurisdiction to enter its decree.

 While it is true that that decree did not expressly deal with the question of dischargeability of any of its provisions, we are now precluded from doing so. Application of the doctrine of res judicata in accordance with the laws of Ohio dictates that outcome. The issue of dischargeability could and should have been raised in the state court, and that court had jurisdiction to consider it. The Ohio Rules of Civil Procedure require that a party shall affirmatively raise the defense of discharge in bankruptcy. Ohio R.C.P. § 8(C). The present defendant failed to do so in the state court. In a later action involving the same parties and issues as in an earlier suit, res judicata bars consideration by the later court of a defense that could have been raised in the first suit. 63 O.Jur.3d,

Judgments § 422 (1985). See *Johnson's Island v. Danbury Twp. Board of Trustees*, 69 Ohio St.2d 241, 431 N.E.2d 672 (1982); *Corrigan v. Downing*, 55 Ohio App.3d 125, 562 N.E.2d 923 (Cuyahoga County, 1988). Defendant is therefore precluded from contending that the obligation contained in the state court decree is dischargeable in bankruptcy. See *In re Aurre*, 60 B.R. 621 (Bankr.S.D.N.Y.1986). Because a state court would be bound to accord res judicata effect to the state court decree, including the consequences of defendant's failure to raise the issue of dischargeability there, we are likewise bound. *McAdoo v. The Dallas Corporation*, 932 F.2d 522 (6th Cir.1991).

### JUDGMENT ON DECISION BY THE COURT

This proceeding having come on for hearing before the court, Honorable Burton Perlman, United States Bankruptcy Judge, presiding, and the issues having been duly heard, and a decision having been rendered,

It Is Ordered and Adjudged that said issues are found in favor of plaintiff, and plaintiff's claim for indemnification under the decree of divorce is not discharged.