In re Curtis Lee ROSENBAUM, Debtor.

Curtis Lee ROSENBAUM, Plaintiff,

v.

Pamela Greenwood Rosenbaum Fulghum CUMMINGS, Defendant.

Bankruptcy No. 91–32163.
Adv. No. 91–3128.

United States Bankruptcy Court, E.D. Tennessee.

June 10, 1992.

Hodges, Doughty & Carson, Thomas H. Dickenson, Knoxville, TN, for plaintiff/debtor.

Layman, O'Connor, Petty & Child, Charles H. Child, Knoxville, TN, for defendant.

## MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor seeks a determination that an obligation imposed upon him under a post-nuptial agreement executed May 22, 1981, and by a state court in Virginia is not excepted from discharge pursuant to 11 U.S.C.A. § 523(a)(5) (West 1979 & Supp. 1992). The record consists of evidence adduced at the trial held March 17, 1992, together with facts and documents introduced through written stipulations filed by the parties both before and after the trial.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West Supp.1992).

I

The debtor and defendant were married on March 22, 1979, in Roanoke, Virginia. No children were born to the marriage.[1] The parties separated fourteen months later on May 21, 1980. On July 8, 1980, subsequent to the filing of a complaint for divorce by the defendant, a Virginia state court entered an order compelling the debtor to pay the defendant "temporary spousal support" in the amount of $2,000 per month. On May 22, 1981, the debtor and defendant entered into a separation agreement (Agreement) which, among other things, adopted the support provision of the July 8, 1980 order requiring the debtor to pay $2,000 per month to the defendant as "spousal support." The Agreement specifically provides at paragraph (2)(a) that the monthly payments "shall remain in effect until the husband shall die or the wife shall remarry, at which time said payments shall cease." The parties were divorced on March 29, 1982. A final decree of divorce was entered on June 10, 1982, which provides, *inter alia*, that the $2,000 per month payments required under the July 8, 1980 order for "temporary spousal support" will continue. The final decree also provides that the May 22, 1981 Agreement "is filed and made a part of the record in this case," and that the "July 8, 1980 Order for spousal support of the Plaintiff [2] remains in full force and effect pending further Order of this Court."

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Western District of Virginia on June 9, 1982. On the advice of his bankruptcy attorney, the debtor failed to schedule his obligation for support to the defendant in his Virginia bankruptcy case. Although not established by the record, it is undisputed that the debtor received a discharge in his Virginia bankruptcy case.

Subsequent to the filing of the bankruptcy petition in Virginia, the defendant filed numerous actions in the Virginia state court seeking to enforce the monthly support obligations imposed upon the debtor under the July 8, 1980 support order, the May 22, 1981 Agreement, and June 10, 1982 divorce decree.[3] The defendant's remarriage in 1989 terminated the debtor's ongoing obligation under the terms of the Agreement. Consequently, the debt the debtor seeks to discharge is solely for arrearages, which now approximates $230,-000.

The debtor commenced his current bankruptcy case before this court on April 24, 1991, by filing a petition under Chapter 7. His obligations to the defendant are scheduled. This adversary proceeding, seeking a determination that the debtor's obligations to the defendant are dischargeable, was filed June 18, 1991.[4]

---

1. The debtor has two children and the defendant has three children from prior marriages.

2. The defendant in this adversary proceeding was the plaintiff in the Virginia divorce proceeding.

3. Exhibits 9 through 15 in the record before the court consist of separate orders or abstracts of orders entered in the Circuit Court for the City of Roanoke, Virginia, between January 26, 1983, and May 3, 1989, fixing various amounts of support arrearages for which the debtor is liable under the terms of the Agreement. The debtor was represented by counsel in at least four of these proceedings, including the initial proceeding which resulted in the January 26, 1983 order.

4. Bankruptcy Code § 523(a)(5) provides in material part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

## II

As a preliminary matter, the defendant contends that the debtor is barred by operation of the doctrine of res judicata from asserting that his obligations under the Agreement and various orders of the Virginia state court are now dischargeable in his second bankruptcy case.

It is undisputed that the debtor was aware of and could have litigated the dischargeability of his obligations to the defendant in his bankruptcy case in Virginia. Although the divorce decree was not entered until the day after the petition commencing the Virginia case was filed, the May 22, 1981 Agreement had been in effect for over one year and the July 10, 1980 order for "spousal support" had been in effect for almost two years. The debtor's obligations to the defendant were clearly obligations created prior to the filing of his Virginia bankruptcy case and, therefore, the proper subject for a determination of dischargeability in his Virginia bankruptcy case. Further, the debtor could and should have raised the dischargeability issue in the first state court lawsuit brought by the defendant subsequent to the filing of his Virginia bankruptcy case.[5] Under the Virginia Rules of Civil Procedure, discharge in bankruptcy must be raised as an affirmative defense.[6] The Virginia state court possessed concurrent jurisdiction to determine dischargeability of the debt under

Bankruptcy Code § 523(a)(5). 28 U.S.C.A. § 1334(b) (West Supp.1992); *Richards v. Richards (In re Richards)*, 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991); *Aurre v. Kalaigan (In re Aurre)*, 60 B.R. 621, 624 (Bankr. S.D.N.Y.1986). Given the absence of a time bar for filing a complaint to determine the dischargeability of a debt under § 523(a)(5), it would have been proper for the Virginia state court to hear and determine the issue relating to the dischargeability of the debtor's obligation to the defendant.[7]

■■■ This court must give the same res judicata effect to a state court judgment as would another court from the same state. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 80–82, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *In re Richards*, 131 B.R. at 78; *In re Aurre*, 60 B.R. at 627. Therefore, Virginia law controls the analysis of res judicata in this case. Under Virginia law, the principle of res judicata is that "[a] valid, personal judgment on the merits ... bars relitigation of the same cause of action, *or any part thereof which could have been litigated,* between the same parties and their privies." *Flora, Flora & Montague, Inc. v. Saunders,* 235 Va. 306, 367 S.E.2d 493, 495 (1988) (quoting *Bates v. Devers,* 214 Va. 667, 202 S.E.2d 917, 920–21 (1974) (emphasis added)). Because the debtor could have and should have litigated the dis-

---

.....
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of the court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
.....
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....
11 U.S.C.A. § 523(a)(5) (West 1979 & Supp. 1992).

**5.** *See supra* n. 3.

**6.** Va.Code Ann. § 8(c) (Michie 1992) provides: **Affirmative defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration

and award, assumption of risk, contributory negligence, *discharge in bankruptcy,* duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation (emphasis added).

**7.** Bankruptcy Rule 4007(b) provides that "[a] complaint other than under ... [§ 523(a)(2), (4), or (6) ] may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule."

chargeability issue as an affirmative defense in the Virginia state court, he is now precluded, by operation of the doctrine of res judicata, from asserting that the debt is dischargeable under § 523(a)(5). *See Richards*, 131 B.R. at 78.

The debtor argues that this case is distinguishable from *Richards*. In *Richards*, after the close of the debtor's bankruptcy case, the state court in Ohio entered a divorce decree in which it ordered that the debtor was to pay one-half of a marital debt owed his former parents-in-law. The debtor had failed to schedule the debt although it was incurred prepetition. The debtor attempted to reopen the bankruptcy case after the entry of the divorce decree in order to add his former parents-in-law as creditors and discharge the debt. Because the debtor could have, but failed to, litigate the dischargeability of the marital debt in the state court, res judicata prohibited the debtor from contending that obligation contained in the state court decree was dischargeable.[8]

The debtor agrees that he could not now reopen his Virginia bankruptcy case to discharge the debt. He contends, however, that the debt may be discharged in the present case because, in the ten years that have passed since the first bankruptcy case was filed, the debtor never asserted that the debt was affected by the first bankruptcy case. This argument is unpersuasive. At the moment the first state court lawsuit was concluded in which the debtor failed to raise the discharge in his Virginia bankruptcy case as a defense, the doctrine of res judicata came into play. It is for the very fact that the debtor could have, but failed to, assert discharge as a defense that he is now barred from doing so. It is important to note that the debtor is barred, not from asserting that the debt was discharged in his Virginia bankruptcy case, but rather that the debt is dischargeable at all. Just as the debtor would be barred from reopening his first case to assert that the debt is dischargeable, so is he now barred from asserting in this case that the debt is dischargeable.

The rule is stated by Chief Bankruptcy Judge Burton W. Perlman in *Richards* as follows:

> Because a state court would be bound to accord res judicata effect to the state court decree, including the consequences of defendant's failure to raise the issue of dischargeability there, we are likewise bound.

131 B.R. at 78, citing *McAdoo v. The Dallas Corp.*, 932 F.2d 522 (6th Cir.1991).

Because the debtor is barred from asserting that his debt to the defendant is dischargeable, the court will consider neither the merits of his complaint nor other arguments of the defendant. The debtor's obligation to the defendant is nondischargeable.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An appropriate judgment will be entered.

## JUDGMENT

For the reasons set forth in the Memorandum filed this date containing findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052, it is ORDERED, ADJUDGED, and DECREED that all support arrearages due and owing from the plaintiff, Curtis Lee Rosenbaum, to the defendant, Pamela Greenwood Rosenbaum Fulghum Cummings, under that Agreement executed by the parties on May 21, 1982, and under the terms of a certain order entered in the Circuit Court for the City of Roanoke, Virginia, on July 8, 1980, in that matter styled *Pamela Greenwood Rosenbaum v. Curtis (NMN) Rosenbaum*, No. 9182B, as referenced in a Decree entered in the same court on June 10, 1982, are nondischargeable.

---

**8.** The *Richards* court noted that the Ohio Rules of Civil Procedure, as do the Virginia Rules of Civil Procedure, require parties to affirmatively raise the defense of discharge in bankruptcy.