**In re Robert BENHAM.**

**Bankruptcy No. 88–41400S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 10, 1993.

M. Randy Rice, trustee, Little Rock, AR.

Dale Lipsmeyer, Morrilton, AR, for debtor.

Bill Smith, Russellville, AR, for creditors.

### ORDER DENYING MOTION TO REOPEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Petition to Reopen Bankruptcy, filed by the debtor on June 14, 1993. The debtor seeks to reopen the case, pursuant to 11 U.S.C. § 350 to add a creditor in order that a debt incurred prepetition may be discharged. The creditors, Bobby N. Whorton and Deloria J. Whorton, objected to the petition on the basis that they were never given notice of the bankruptcy case and that a court of competent jurisdiction has determined that fact.

The creditors have pending in the Chancery Court of Pope County, Arkansas, a complaint against Robert Benham relating to a debt which apparently arose prior to the filing of the petition in bankruptcy. The debtor raised as a defense to the state court action his discharge in bankruptcy, entered on October 26, 1988, such that the Whortons were precluded from collecting the debt. Based upon this defense, the state court held a hearing to determine whether the debt was discharged in bankruptcy. The Chancery Court of Pope County, Arkansas entered a final order after trial on the merits of the dischargeability dispute which stated in pertinent part:

2. That the notice was sent to the wrong name, and was never delivered but returned to the Bankruptcy Clerk.

3. The Court finds that no Notice of any kind was sent to Deloris Whorton as she was not even listed in the Bankruptcy and could [therefore] proceed with this cause of action.

4. It is therefore, the finding of this Court that there was no actual or constructive notice to Bobby N. Whorton or Deloris Whorton.  * * *

*Whorton v. Benham,* No. E–91–758 (Chancery Ct. Apr. 14, 1993). On June 14, 1993, the debtor filed the motion to reopen his bankruptcy case to add the Whortons as creditors in the bankruptcy case. The petition to reopen was scheduled for hearing on July 29, 1993, at which time the Court received as an exhibit a certified copy of the Order of the Chancery Court of Pope County, Arkansas, filed on April 14, 1993.

Section 350 of the Bankruptcy Code provides that a case may be reopened "to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Were the Court to reopen the case, debtor would be required to file an adversary proceeding and demonstrate grounds for adding a creditor whose debt could be discharged. 11 U.S.C. § 523(a)(3)(A). This would include a showing that the creditor had notice or actual knowledge of the case in time to file a timely proof of claim. *Id.*

If the Chancery Court was a court of competent jurisdiction to hear the notice and dischargeability issue, then the principles of collateral estoppel preclude relitigation of the issue in this Court. *Richards v. Richards,* 131 B.R. 76, 78 (Bankr. S.D.Ohio 1991); *see Goss v. Goss,* 722 F.2d 599, 602 (10th Cir.1983). Determination of dischargeability of a debt under section 523(a) may be made by any forum of competent jurisdiction. The bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts which fall under section 523(a)(2), (4), and (6) of the Bankruptcy Code. 11 U.S.C. § 523(c). With respect to the categories of nondischargeable debts not listed in section 523(c), state courts have concurrent jurisdiction with the bankruptcy court. *Richards v. Richards,* 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991).

In the instant case, a court of competent jurisdiction determined that the Whortons

did not receive notice of the bankruptcy nor did they have actual knowledge of the case. This factual determination, made by a court of competent jurisdiction, precludes this Court from relitigating that issue. *Richards*, 131 B.R. at 78. Inasmuch as it has already been held that the Whortons did not receive actual or other notice of the debtor's bankruptcy, the debt owed to the Whortons is nondischargeable under 11 U.S.C. § 523(a)(3)(A). Since there has been a determination of nondischargeability, reopening the bankruptcy case to add the Whortons as creditors would be futile. The relief the debtor seeks cannot be granted. Accordingly, it is

**ORDERED** that the Petition to Reopen Bankruptcy, filed on June 14, 1993, is DENIED.

**IT IS SO ORDERED.**