In re James Harold STEWART.

James Harold STEWART, Plaintiff,

v.

COGSWELL MOTORS, INC., Defendant.

Bankruptcy No. 93–42408 S.
Adv. No. 96–4134.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 3, 1997.

John Irwin, Morrilton, AR, for Plaintiff.

Keith Coker, Russelville, AR, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the complaint to determine dischargeability of debt. Prior to filing bankruptcy, the debtor purchased a 1992 Ford pick-up truck from the defendant. The note on the truck was assigned to Worthen Bank on March 21, 1992, but reassigned to the defendant on September 28, 1993. This bankruptcy case was filed on November 17, 1993, with schedules listing the truck as an asset, listing the debt to Worthen as a creditor, but failing to list the defendant as a creditor. The debtor received his discharge on February 24, 1994, and the case was closed on February 28, 1994. There is no competent evidence in the record that the defendant had actual knowledge of the bankruptcy until after the case was closed.[1]

Unaware of the bankruptcy, the defendant commenced an action in the Circuit Court of Pope County, Arkansas to obtain a deficiency judgment against the debtor. The fact that the debtor had received a discharge in bankruptcy, and the allegation that the defendant creditor had received no notice of the bankruptcy case were at issue in that case. The Circuit Court entered judgment in favor of the creditor, but subsequently, on a motion to set aside the judgment, heard testimony of the debtor and defendant with regard to the issue of dischargeability. Upon consideration of this testimony, on February 22, 1996, the circuit court denied the Motion to Set Aside Judgment and Motion to Quash Writ of Execution. Although the state court had entered a final order ruling on the discharge-

---

1. The debtor chose not to testify regarding this issue. This matter was submitted at the request of the parties upon the record in the state court proceeding and the arguments of counsel. Of course, argument is not evidence.

ability issue, the debtor, instead of appealing that final state court order, chose instead to file a Motion to reopen his bankruptcy case to file a contempt action against Cogswell and the instant complaint which was filed July 5, 1996, seeking a determination from the bankruptcy court that the debt had been discharged.

■ The doctrine of *res judicata* bars the relitigation of issues actually litigated in another court of competent jurisdiction. *Armstrong v. Norwest Bank Minneapolis, N.A.,* 964 F.2d 797, 802 (8th Cir.1992); *Richards v. Richards,* 131 B.R. 76, 78 (Bankr. S.D.Ohio 1991). The doctrine applies if the following elements are met:

(1) the prior judgment was rendered by a court of competent jurisdiction;

(2) the prior judgment was a final judgment on the merits; and

(3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* There is no requirement that the judgment of the court state its reasons for the ruling. Rather, this Court looks to the pleadings, transcripts, and the orders entered to determine whether *res Judicata* applies.

■ Each of these elements are indisputably met with regard to the requests for determination of dischargeability under section 523(a)(3).[2] Determination of the dischargeability of a debt under section 523(a) may be made by any forum of competent jurisdiction. The bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts which fall under section 523(a)(2), (4), (6), and (15) of the Bankruptcy Code. 11 U.S.C. § 523(c). However, state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed in section 523(c), including section 523(a)(3). *In re Benham,* 157 B.R. 655

(Bankr.E.D.Ark.1993); *Richards v. Richards,* 131 B.R. at 78. Accordingly, the Circuit Court of Pope County had jurisdiction to hear and determine the issue of the dischargeability of debt. These matters came on for hearing before the Circuit Court of Pope County pursuant to the debtor's request to set aside the state court judgment as well as quash the Writs of Execution.

■ The evidence submitted to this Court, including the transcript of proceedings, the motions, briefs, and judgments of the state court make it clear that the cause of dischargeability was in issue, tried, and ruled upon by the circuit court. The evidence is uncontroverted that the same cause of action as is here pleaded was heard and a final order was entered by the circuit court on February 22, 1996. Accordingly, a court of competent jurisdiction having ruled on the cause of dischargeability, the doctrine of *res judicata* precludes this Court from retrying that case.

Even were *res judicata* inapplicable, the elements of section 523(a)(3)(A) have been met. The Bankruptcy Code provides in pertinent part:

A discharge under section 727 ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(A). The evidence before the Court is that the creditor had no

---

**2.** Section 523(a)(3)(A) provides that a debt will not be discharged if the creditor did not have notice or actual knowledge of the case in time for the timely filing of a proof of claim. This cause is distinguishable from *In re Waugh,* 172 B.R. 31

(Bankr.E.D.Ark.1994), *rev'd on other grounds,* 198 B.R. 545 (E.D.Ark.1995), *aff'd,* 95 F.3d 706 (8th Cir.1996), inasmuch as that was a cause under section 523(a)(3)(B), a cause requiring a different showing of proof.

notice or actual knowledge of the case in time for filing a proof of claim.

 While it is true, as the debtor argues, that the Bankruptcy Code exists to provide a fresh start for the honest debtor, section 523(a)(3) harmonizes this policy with the competing policy of the debtor's duty to disclose, *In re Beshears (First State Bank of Newport v. Beshears)*, 196 B.R. 468 (Bankr. E.D.Ark.1996), and to notice all creditors with the bankruptcy case. In any event, the mere recitation of the policy of the fresh start does not overcome the relief provided by a specific statutory provision. It is

**ORDERED:** that judgment shall be entered in favor of the defendant creditor Cogswell Motors, Inc.

**IT IS SO ORDERED.**