In re Mack **HONEYCUTT**

Bankruptcy No. 98–41340 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 9, 1998.

Patty Claibourne, N. Little Rock, AR, for Debtor.

Kelly Murphy McQueen, Assistant Attorney General, Little Rock, AR.

Michelle Kinden, staff attorney, Arkansas Department of Pollution Control & Ecology, Little Rock, AR.

Richard L. Ramsay, U.S. Bankruptcy Trustee, Little Rock, AR.

### ORDER GRANTING MOTION FOR RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

This Cause is before the Court upon a Motion for Relief from Stay filed by the State of Arkansas Department of Pollution Control and Ecology. The State of Arkansas seeks confirmation that it may pursue enforcement of an action regarding fines and penalties imposed pursuant to state environmental laws without violating the automatic stay. That is, the State of Arkansas asserts that it may pursue its state court action pursuant to the exception to the automatic stay established in sections 362(b)(4), (5).[1] In opposition, the debtor asserts that the motion raises an issue of dischargeability

---

1. It is understood by all parties that, although the State may proceed in state court to reduce the

which must be resolved by the United States Bankruptcy Court.

■ Upon the filing of a voluntary petition in bankruptcy, an Order for Relief is automatically entered which triggers, under section 362(a) of the Bankruptcy Code, the automatic stay. The stay imposed by section 362(a) is broadly construed. *Delpit v. Comm'r,* 18 F.3d 768 (9th Cir.1994); *In re National Cattle Congress,* 179 B.R. 588, 593 (Bankr.N.D.Iowa 1995). Section 362(b) enumerates the exceptions to the application of the automatic stay which exceptions are narrowly construed by the courts. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 590 (9th Cir.1993); *In re Betts,* 165 B.R. 233 (Bankr.N.D.Ill.1994). Section 362(b) provides in pertinent part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
>
> > (4) under subsection (a)(1) of this section, the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.*** (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit's police or regulatory power. . . .

11 U.S.C. § 362(b)(4), (5).[2]

■ The debtor asserts that the section 362(a)(5) does not permit collection of a money judgment obtained under the state's police power. While the statute does so provide, the Court notes that the debtor received a discharge on November 2, 1998. Thus, under section 362(c), there is no automatic stay in place with regard to actions taken against the debtor. Only property of the estate to be administered by the trustee is protected by the stay.

■ In addition to excepting State action in pursuance of regulatory authority, the Bankruptcy Code provides that fines and penalties payable to a governmental unit are nondischargeable. Of course, only debts which are fines and penalties and not for actual pecuniary loss, are nondischargeable pursuant to 11 U.S.C. § 523(a)(7). The nondischargeability of these debts is self-executing under 11 U.S.C. § 523(c). That is, these debts are automatically nondischargeable and it is not necessary for either the state or the debtor to file a proceeding to request the determination of dischargeability. If any party deems it necessary to obtain a determination of nondischargeability of a debt under section 523(a)(7), the state and bankruptcy courts have concurrent jurisdiction to make that determination.

■ It is well-settled that the bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts which fall under section 523(a)(2), (4), (6), and (15) of the Bankruptcy Code. 11 U.S.C. § 523(c). However, state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed in section 523(c), including section 523(a)(3). *In re Bingham,* 163 B.R. 769, (Bankr. N.D.Tex.1994); Indeed, this Court has twice stated this established rule, in *In re Stewart (Stewart v. Cogswell Motors, Inc.),* 208 B.R. 921 (Bankr.E.D.Ark.1997) and *In re Benham,* 157 B.R. 655 (Bankr.E.D.Ark.1993).; *Richards v. Richards,* 131 B.R. at 78. Accordingly, the Chancery Courts of the State of Arkansas has jurisdiction to hear and determine the issue of the dischargeability of debts governed by 11 U.S.C. § 523(a)(7). Indeed, with regard to the fines and penalties

fines penalties to judgment and otherwise enforce the injunction granted in its favor, the State may not seek to collect the fines and penalties from property of the estate.

**2.** Section 362(b)(4) is generally applied to regulatory actions to protect the health, welfare and safety of the public. "Where a governmental unit is suing a debtor in aid of environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." House Report No. 95–595, 95th Cong., 1st Sess. 342–3 (1977); Sen. Rep. No. 95–989, 95th Cong., 2d Sess. 51–2 (1978). *See United States v. Oil Transport Co., Inc.,* 172 B.R. 834 (E.D.La.1994). Thus, in *New Jersey v. Madison Industries, Inc.,* 161 B.R. 363 (D.N.J.1993), a state's environmental enforcement action seeking a clean-up order, an injunction, as well as penalties was excepted from the application of the automatic stay.

imposed under an Arkansas statute, it is not only properly within the purview of the Chancery court to make that determination, that court may be the most appropriate court to do so inasmuch as the determination will require interpretation and application of Arkansas law.

Inasmuch as there is no automatic stay as to proceedings against the debtor or against property that is not property of the estate, the Bankruptcy Code does not prohibit continued action by the State of Arkansas to enforce its regulatory authority, including reducing fines and penalties to judgment. Moreover, inasmuch as the state courts have concurrent jurisdiction to determine the dischargeability of debts under section 523(a)(7) the state court has the authority to make the determination of whether the debts to the State are in the nature of a fine or penalty. Accordingly, it is

**ORDERED** that the Motion for Relief from Stay, filed on April 19, 1998, is GRANTED.

**IT IS SO ORDERED.**