**Scott PELTZ, Trustee of the AR Accessories Group, Inc. Liquidating Trust, and Bank One, Wisconsin, Plaintiffs–Appellants,**

v.

**WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, Defendant–Appellee.**

**No. 01–CV–944.**

United States District Court, E.D. Wisconsin.

June 11, 2002.

Mark L Metz, Thomas J O'Brien, Reinhart Boerner Van Deuren, Milwaukee, WI, for Bank One Wisconsin.

Robert M Fishman, Brian L Shaw, Shaw Gussis Domanskis Fishman & Glantz, Chicago, IL, for Scott Peltz.

Richard E Braun, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Wisconsin Department of Workforce Development.

**1.** Judge Shapiro also ruled on three other issues, none of which are contested in this appeal. *See In re AR Accessories Group, Inc.,* 267 B.R. 583 (Bankr.E.D.Wis.2001).

## DECISION AND ORDER

RANDA, District Judge.

This bankruptcy appeal asks the Court to decide the proper interplay between two provisions of the Bankruptcy Code: 11 U.S.C. § 362(a)(4), the "automatic stay provision," which provides that once a bankruptcy petition is filed "any act to create, perfect, or enforce any lien against property of the estate" is void, and 11 U.S.C. § 546(b)(1)(A), an exception to the "automatic stay provision" which states that the trustee in bankruptcy is subject to any generally applicable law that "permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." On March 13, 1998, the Debtor, AR Accessories, Inc., filed for bankruptcy under Chapter 11. On June 11, 1998, the Creditor, Wisconsin Department of Workforce Development (the "Department"), filed a "Petition for a Wage Lien under Section 109.09(2), Wis.Stats." in both Milwaukee and Washington County Circuit Court. On July 18, 2001, the Honorable James E. Shapiro, Bankruptcy Judge for the Eastern District of Wisconsin, issued a decision which held, in part,[1] that the Department's actions to perfect its lien fit within the exception set forth at § 546(b)(1)(A) and therefore did not violate the automatic stay provision.

On November 13, 2001, the Court granted the Debtor leave to file this interlocutory appeal.[2] For the reasons stated below, the Court finds that § 546(b)(1)(A) *does not* apply to the case at bar. Therefore, the Department *did* violate the automatic stay provision. Accordingly, the Bankruptcy Court's decision in this respect is reversed.

**2.** *See* 28 U.S.C. § 158(a)(3).

## BACKGROUND

Before filing for bankruptcy, AR Accessories distributed and sold leather products and accessories, employing approximately 300 people in Wisconsin. By May of 1998, all of its employees had been laid-off. After filing for bankruptcy in March of 1998, the Debtor's assets were liquidated and the auction proceeds totaled approximately $23,750,000. In June of 1998, the Department filed a petition for a wage earners' lien under Wis.Stat. § 109.09(2) seeking to recover $5.27 million in unpaid vacation and/or severance pay on behalf of the laid-off workers.

The appellants in this matter are: AR Accessories (the "Debtor"); Bank One, Wisconsin ("Bank One" or the "Lender"), which served as the prepetition secured lenders to the Debtor and, as of March 13, 1998 (the petition date), held a properly perfected, first priority security interest in virtually all of the assets of AR Accessories; and lastly Scott Peltz ("Peltz" or the "Trustee"), successor to the Debtor's interest with respect to assets remaining in the bankruptcy estate. Opposing this appeal is the Department, a Wisconsin agency entrusted with enforcing certain rights of employees under Chapter 109 of the Wisconsin Statutes.

## ANALYSIS

 Filing a petition for bankruptcy institutes an "automatic stay," making "any act to create, perfect, or enforce any lien against property of the estate" void *ab initio*. *See In re Vierkant*, 240 B.R. 317, 322 (8th Cir. BAP 1999). This "fundamental protection" of bankruptcy law gives debtors "breathing room by stopping collection efforts in their tracks and permitting their resumption only when the stay is lifted by the bankruptcy or dissolved by operation of law." *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1st Cir. 1997). Thus, the Department's efforts to perfect a lien against the assets of the Debtor under Wis.Stat. § 109.09(2) are void unless they fall within an exception to the "automatic stay" provision. The enumerated exceptions must be narrowly construed. *See In re Honeycutt*, 228 B.R. 428, 430 (Bankr.E.D.Ark.1998).

One such exception is found at 11 U.S.C. § 362(b)(3), which makes the automatic stay inapplicable to "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of [the Bankruptcy Code]." In turn, 11 U.S.C. § 546(b)(1)(A) provides that

(1) The rights and powers of a trustee ... are subject to any generally applicable law [3] that—

(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection.

Accordingly, the issue is whether the Department's actions to perfect a lien against the assets of the Debtor pursuant to Wis. Stat. § 109.09(2) fit within this exception.

Wis.Stat. § 109.09(2) (the "Wage Lien Statute") creates a mechanism for wage earners (or, as here, the Department on behalf of wage earners) to enforce their rights to any wage claim or wage deficiency. Once filed and perfected, the lien has "superiority" status.[4] The Wage Lien

---

**3.** The parties do not dispute that Wis.Stat. § 109.09(2) is a "generally applicable law" for purposes of § 546(b)(1)(A). All that matters, as Judge Shapiro pointed out, is that the law apply both "inside" and "outside" of bankruptcy, which is certainly the case here.

**4.** The lien's superpriority status is subject to certain enumerated exceptions, none of which are relevant to this appeal.

Statute,[5] in relevant part, provides as follows:

> The department ... or an employe [sic] ... shall have a lien upon all property of the employer, real or personal, located in this state for the full amount of any wage claim or wage deficiency. A lien under this subsection takes effect when the department or employe [sic] filed a verified petition claiming the lien with the clerk of the circuit court of the county in which the services or some part of the services were performed, pays the fee ... and serves a copy of that petition on the employer by personal service in the same manner as a summons ... or by certified mail with a return receipt requested. The department or employe [sic] must file the petition within 2 years after the date that the wages were due.... The lien shall take precedence over all other debts, judgments, decrees, liens or mortgages against the employer [subject to certain enumerated exceptions].

Wis.Stat. § 109.09(2).

The appellants have presented two issues for this Court to consider. First, appellants argue that the exception to the automatic stay is inapplicable because the Wage Lien Statute, even though it grants superpriority status to wage liens, does not "relate back" to a prepetition date, as required by § 546(b)(1)(A). Second, appellants argue that even if "relation back" is not required, the exception is still inapplicable because the Department had no prepetition interest in property, which § 546(b)(1)(A) also requires. The Court finds for the appellants on the first issue and, accordingly, need not reach the second.

### The exception set forth at § 546(b)(1)(A) is inapplicable to the case at bar because the Wage Lien Statute does not relate back to a prepetition date

■ Appellants argue that to fit within this exception, the Wage Lien Statute must contain specific language which relates perfection back to a prepetition date. The Court agrees. The lien in the Wage Lien Statute only "*takes effect* when the department or employe [sic] filed a verified petition claiming the lien with the clerk of the circuit court," and while the "lien shall take precedence over all other debts," specific "relation back" language to a prepetition date is absent. Judge Shapiro rejected this position. He found first that these wage liens under the Wage Lien Statute were "created before this bankruptcy case was filed." July 18, 2001 Decision, p. 12. He then stated that the Wage Lien Statute creates a "superpriority" lien which, because of this status, "*in effect*" relates back to a prepetition date and trumps or "primes" all previously filed liens. According to Judge Shapiro, this obviates the need for specific relation back language. *See In re 229 Main St. Ltd. P'ship*, 262 F.3d 1, 10–11 (1st Cir.2001)[6] (express "relation back" language is not required, as long as the perfection has a "retroactive effect in the sense that once an interest is perfected it will take priority over earlier

---

5. As the statute has undergone numerous revisions and amendments since it was first enacted in 1975, all references to Wis.Stat. § 109.09(2) are to the version in effect at the time the Lien Petition was filed. *See* Appendix to Judge Shapiro's Opinion, part IV. Under this version, either the Department or an individual employee can file a wage earner's lien.

6. In his opinion, Judge Shapiro relied on the district court decision, *229 Main St. Ltd. P'ship v. Commonwealth of Mass. Dep't of Envtl. Prot.*, 251 B.R. 186 (D.Mass.2000), but a month later, the First Circuit affirmed in a published opinion, which the Court has quoted from herein.

perfected interests") (*citing In re Lionel Corp.*, 29 F.3d 88, 93 (2nd Cir.1994)). *See also In re Microfab, Inc.*, 105 B.R. 152, 158 (Bankr.D.Mass.1989) (Section 546(b) applies to liens that have that *effect,* regardless of whether the statutes that give rise to those liens use the *concept,* "relation back") (emphasis in original).

Judge Shapiro made this finding after he found (as did the above cited cases) that § 546(b)(1)(A) was unambiguous and resort to statute's legislative history was unnecessary. This Court finds that § 546(b)(1)(A) *is* ambiguous, requiring resort to the legislative history, examination of which yields a different result. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Robinson Cartage Co.,* 55 F.3d 1318, 1323 (7th Cir.1995) (holding that when the statutory language is ambiguous, courts "must" look to the legislative history to determine the Congressional intent). The ambiguity is clearly highlighted by the example used by the appellants in their Reply Brief at p. 2. The Court sets it out here.

> *Statute:* The bankruptcy trustee is subject to any state law that "permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection."
>
> *Department's interpretation:* The bankruptcy trustee is subject to any state law that "permits perfection of an interest in property to be effective against, an entity" that, "before the date of perfection," "acquire[d] rights in such property."

*Appellants' interpretation:* The bankruptcy trustee is subject to any state law that "permits perfection of an interest in property to be effective … before the date of perfection" "against an entity that acquire[d] rights in such property." Under the Department's interpretation of the federal statute, the perfected interest takes effect when it is perfected because any entity that acquired rights in the property prior to the perfection of the interest is subject to it. This result is achieved by finding that the phrase "before the date of perfection" modifies the language "any entity that acquires rights in such property." But, as the above examples show, the phrase "before the date of perfection" can also modify the language "permits perfection of an interest in property to be effective." If so, the perfected interest's effectiveness is severed from the event of any entity acquiring rights in the property and requires the state statute to set an effective date unrelated to this event. In other words, the exception could be read as applying only to laws with specific relation back language.[7]

Given this ambiguity, the Court looks to the legislative history for guidance:

> The rights granted to a creditor under this subsection prevail over the trustee *only if* the transferee has perfected the transfer in accordance with applicable law, *and that perfection relates back to a date that is before the commencement of the case....* For example, many State laws, under the Uniform Commercial Code, permit perfection of a purchase-money security interest to *relate back* to

---

7. The United States Supreme Court, albeit in *dicta,* has endorsed this reading of § 546(b)(1)(A). In the context of discussing the meaning of the word "perfection" in 11 U.S.C. § 547(c)(3)(B), the Supreme Court noted that § 546(b)(1)(A) "speaks of state laws that permit 'perfection … to be effective … before the date of perfection.' … The distinction implicit in speaking of 'perfection' antecedent to the 'date of perfection' shows that Congress was thinking about the difference between the legal conclusion that may be entailed by applying a relation-back rule and, on the other hand, the acts taken to trigger the application of the rule." *Fidelity Financial Services, Inc. v. Fink,* 522 U.S. 211, 215–16, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998).

defeat an earlier levy by another creditor if the former was perfected within ten days of delivery of the property. U.C.C. § 9–301(2).... The purpose of the subsection is to protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests *as of an effective date that is earlier than the date of perfection.* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 371 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6327; S.Rep. No. 95–989, 95th Cong., 2d Sess. 86 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5872 (emphasis added). The leading treatise on bankruptcy law articulates the same rule: "The applicable law must provide that perfection ... of an interest in property *relates back in time* to be superior to the interest of an entity acquiring rights in the property before the date of perfection." COLLIER ON BANKRUPTCY, § 546.03[2][c][i] (emphasis added). Case law also holds that "relation back" is a required element of § 546(b)(1)(A). *See, e.g., Makoroff v. City of Lockport,* 916 F.2d 890 (3d Cir. 1990), *cert. denied,* 499 U.S. 983, 111 S.Ct. 1640, 113 L.Ed.2d 735 (1991); *Lincoln Sav. Bank v. Suffolk County Treasurer,* 880 F.2d 1540 (2d Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990); *Equibank, N.A. v. Wheeling– Pittsburgh Steel Corp.,* 884 F.2d 80 (3d Cir.1989); *In re Alberto,* 823 F.2d 712 (3d Cir.1987); *In re Excel Engineering, Inc.,* 224 B.R. 582, 589–90 (Bankr.W.D.Ky. 1998); *In re Peter J. Schmitt Co.,* 154 B.R.

47, 49–51 (Bankr.D.Del.1993); *Midlantic Nat'l Bank v. Sourlis,* 141 B.R. 826, 837 (D.N.J.1992). Therefore, § 546(b)(1)(A) was meant to apply *only* to statutory liens which allow perfection to "relate back" to a specific date, as opposed to those which are merely afforded "superpriority" status.

Although critics argue that this distinction "elevate[s] form and semantics over substance in order to defeat a statute that clearly requires just the opposite result," *see Microfab,* 105 B.R. at 158, the Court disagrees. The state, subject to differing interpretations, is far from clear, and exceptions to the automatic stay must be narrowly construed. Thus, in the absence of clear language to the contrary, the exception is presumptively inapplicable. Furthermore, the distinction involves much more than "semantics." If perfection of a security interest in property "relates back" to a specific date, the law treats that lien as having been perfected *on that date.* To the contrary, if a lien is given superpriority status, even though it defeats all other previously filed liens, the law still treats that lien as having been perfected on the day it was actually perfected. A subtle difference, to be sure, but a difference that the law nonetheless recognizes.[8] The express purpose of § 546(b)(1)(A), as set forth in the legislative history, is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests *as of an effective date that is earlier than the date of perfection.*" H.R.Rep. No. 95–595; S.Rep. No. 95–989,

---

**8.** Statutes routinely incorporate specific "relation back" language. For example, under Wisconsin's construction lien law, the lien "shall be prior to any lien which originates subsequent to the visible commencement" of work on the project. *See* Wis.Stat. § 779.01(4). Therefore, construction liens "relate back to the commencement of the building without reference to the time when

the work was done or material furnished." *See Estate of Riese v. Weber,* 132 Wis.2d 215, 389 N.W.2d 640 (Ct.App.1986). Also, the former version of U.C.C. § 9–301(2), cited by the legislative history quoted above, provided that perfection of a purchase-money security interest can *relate back* to defeat an earlier levy by another creditor if the former was perfected within ten days of delivery of the property.

U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963 (emphasis added). The Wage Lien Statute does not allow perfection to be effective as of a specific date earlier than the actual date of perfection outlined therein. Accordingly, the Department's actions pursuant to the Wage Lien Statute are not excepted from the automatic stay provision of the Bankruptcy Code.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. The decision of the Bankruptcy Court with respect to its holding that the Department's actions to perfect its lien did not violate the automatic stay is REVERSED;

2. The Bankruptcy Court's grant of partial summary judgment in favor of the Department on this issue is VACATED; and

3. The appellant's motion for partial summary judgment on this issue is GRANTED.

SO ORDERED,