Elizabeth FARROW, Petitioner,

v.

Hon. Wallis DOWNING, Judge Jefferson
Circuit Court, et al., Respondents.

Court of Appeals of Kentucky.

Jan. 14, 1964.

Ephraim K. Lawrence, Jr., Louisville, for petitioner.

Joe H. Taylor, Hogan, Taylor, Denzer & Bennett, Louisville, for respondents.

CLAY, Commissioner.

This is an original proceeding in this Court to compel the respondent Judge of the Jefferson Circuit Court to permit petitioner to file an amended complaint in a personal injury action. The amendment sought to increase the amount of claimed damages after respondent had granted a new trial on the ground of excessiveness of the award by a jury in the original trial. It is unnecessary to examine the basis of respondent's order overruling petitioner's motion to file the amended complaint. Relief will not be granted in this proceeding for at least three reasons.

The remedy is not available except under extraordinary and unusual circumstances where it is apparent that great injustice and irreparable injury will be suffered by the petitioner. Barker v. Breslin, Ky., 329 S.W.2d 578. No such showing is made.

Mandamus will not issue to control the discretion of an inferior court. Fannin v. Keck, Ky., 296 S.W.2d 226. Though petitioner contends to the contrary, the necessity for an order of court under CR 15.01 reposes some discretion in the trial court.

Assuming respondent has abused his discretion, mandamus will not be granted if the petitioner has an adequate remedy by appeal or otherwise. Bender v. Eaton, Ky., 343 S.W.2d 799. Petitioner has two potential remedies if justice requires his amended pleading. Since respondent's order was interlocutory, he could sustain a renewed motion by petitioner at any time prior to or during the trial if the record or the proof establishes grounds for the award of additional damages. See CR 15.02. In any event, petitioner will have a remedy by appeal if the ruling constitutes an abuse of discretion to petitioner's prejudice.

The order of mandamus is denied.