Leroy Milburn LANEVE, Appellant,

v.

STANDARD OIL COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Rehearing Denied May 12, 1972.

Damon A. Vaughn, Madisonville, Edward T. Ewen, Jr., Louisville, for appellant.

Dorsey & Sullivan, Henderson, Wathen & Wesley, Morganfield, for appellee.

REED, Judge.

The plaintiff, Leroy Milburn Laneve, appeals from the decisions of the circuit court which refused leave to file amendments to the complaint in a personal injury action and gave summary judgment in favor of the defendant, Standard Oil Company.

Laneve was injured in a one-car automobile accident on July 13, 1961. He had just negotiated a curve when the car which he was operating suddenly began to pull to the right and then jerked to the left; this caused him to run off the road; the car turned over several times and he was severely injured. According to plaintiff, the cause of the car's erratic behavior and the consequent accident was the loss of air pressure in the front right tire. He had purchased this tire about thirty days before the accident from the operator of a Standard Oil service station who had mounted and installed the tire at the time of the purchase.

Plaintiff sued the defendant, Standard Oil Company, on July 9, 1962. The complaint alleged in substance: (a) the tire was negligently manufactured and constructed; (b) the tire was defective in materials; (c) the tire had been negligently installed by the defendant's agents. It also stated that as a result of this negligence the tire separated from the wheel rim of plaintiff's automobile and caused the accident which resulted in the personal injuries. The defendant promptly filed answer in which the allegations of negligence and defective materials were denied and the affirmative defense asserted that the person from whom the plaintiff had purchased the tire and who had installed it was an independent contractor and not an agent of the defendant.

Strangely and inexplicably the plaintiff allowed his suit to lie dormant until April 27, 1968 when he moved to assign the case for trial. The defendant moved to dismiss for lack of prosecution. In May 1968 the trial court denied the defendant's motion to dismiss for lack of prosecution and set the case for trial on November 19, 1968. In July 1968 plaintiff served written interrogatories on the defendant which were promptly answered. About all these answers established was that the defendant had purchased the tires from a manufacturer for resale and that the defendant knew of no one other than plaintiff who had claimed that a tire of this type had separated from the wheel rim of an automobile while in operation upon a highway.

The defendant took plaintiff's deposition in October 1968; shortly thereafter plaintiff's counsel moved the court for permission to withdraw as attorney because, by reason of injuries sustained in an automobile accident, he was not physically able to try the case on its assigned date of November, 1968. The attorneys for defendant expressed to the court their conclusion that if plaintiff's attorney withdrew it would necessitate a continuance in any event and would further delay final disposition of the case, hence they agreed that plaintiff's counsel remain in the case and that the trial be postponed. The court thereupon reset the trial date for April 22, 1969.

On March 13, 1969, the plaintiff moved for leave to file a tendered amended complaint in which the demand for compensatory damages was materially increased and a demand for punitive damages was added. This tendered amendment repeated the prior allegations that the service station operator was the agent of the defendant, and also alleged that "the tire complained

of herein was dangerously defective in design, and that said tire was not reasonably fit and safe for the purposes and uses for which it was intended."

On March 21, 1969, defendant served its motion for summary judgment supported by an affidavit that the tire was free from defects. This motion was set for hearing on April 4, 1969. On April 2, 1969, a response was served to which affidavits were attached to be used at the hearing in opposition to the defendant's motion for summary judgment.

On April 2, 1969, there came on for hearing the defendant's motion for summary judgment and the plaintiff's motion to amend his complaint which had been served on March 13, 1969. Apparently plaintiff stated to the court that he would offer a second amendment or amend his first tendered amendment because the trial judge stated in his written opinion that the motions to file the amended complaints were heard the same day as the motion for summary judgment and that "after hearing arguments, the court took the matter under advisement with both parties filing additional arguments by way of briefs." The second motion to amend the complaint, however, was not served until twelve days after the hearing on defendant's motion for summary judgment. The trial judge refused leave to amend the original complaint; thus neither amendment was permitted.

The second amended complaint injected an entirely new theory of liability. It sought to allege that when a new tire of the type involved is installed a new valve must also be installed, and that to install such a new tire without a new valve renders the use of the new tire dangerous. The tendered second amendment also undertook to allege that defendant knew of the hazard of a faulty installation but failed to warn the customer of the danger.

For the entire course of this litigation the plaintiff committed himself to the claims of defective material in the tire and the negligent installation of the tire by defendant's agent until the eve of a final trial and a motion for summary judgment. The evidentiary material conclusively established without contradiction that the tire was not defective and was installed by an independent contractor. Therefore, there was no genuine issue of a material fact concerning the plaintiff's original claims and the plaintiff in effect concedes the correctness of the trial judge's ruling so far as the claim of faulty installation by *an agent* is involved.

The plaintiff insists, however, that there was a triable issue concerning his very belated contention that to install a properly manufactured tire without the installation of a new valve rendered the tire a defective and dangerous product if no adequate warning to the consumer was communicated by the defendant.

The question presented for our decision is not whether the plaintiff's belated contention would subject the defendant to liability. The decisive issue to be determined is whether the trial judge acted properly in refusing the plaintiff leave to inject this new theory of liability into the case under the circumstances presented.

In view of the extensive passage of time before the plaintiff undertook to completely alter the basic issue in this case, we conclude that the trial judge acted well within his discretion when he denied leave to file the amended pleadings. Cf. Bensinger v. West, Ky., 255 S.W.2d 29 (1953).

"Though CR 15.01 provides that leave to amend 'shall be freely given when justice so requires,' it is still discretionary with the trial court, whose ruling will not be disturbed unless it is clearly an abuse." Graves v. Winer, Ky., 351 S.W.2d 193 (1961).

The record demonstrates that the defendant prepared its case in light of the original claims. Nearly seven years elapsed before the plaintiff, in effect, abandoned those claims and attempted to inject a com-

pletely new claim of liability. The physical evidence has doubtless deteriorated through the passage of time. The memory and availability of witnesses would appear to present an increasing problem in direct ratio to the extent of the passage of time. Although liberality in allowing amendments to pleadings is to be definitely encouraged, this does not mean that leave should be granted without limit or restraint. The time must arrive when the plaintiff must be required to stand on the allegations he is asserting. See 35A C.J.S. Federal Civil Procedure § 331. Under the circumstances presented, we cannot declare the trial judge's decision denying leave to amend the complaint an abuse of discretion. It therefore follows that the summary judgment in defendant's favor was proper. American Insurance Company v. Horton, Ky., 401 S.W.2d 758 (1966).

The judgment is affirmed.

All concur.