**OWENSBORO METROPOLITAN BOARD OF ADJUSTMENTS, Consisting of Buzz Norris, Mary Basham, Frank Wagner, Melvin Smith, C.A. Pantle, Jr., Robert Hoskins, and Robert Hardesty, its members; the Owensboro Metropolitan Planning Commission; Daviess County, Kentucky, a Political Subdivision of the Commonwealth of Kentucky; City of Owensboro, Kentucky, a Political Subdivision of the Commonwealth of Kentucky, Appellants,**

**v.**

**MIDWEST OUTDOOR ADVERTISING, INC., a Kentucky Corporation; Ray McCormick, Jr., and Commonwealth of Kentucky, Transportation Cabinet, Division of Traffic, G.C. Ethington, Director, Appellees.**

Court of Appeals of Kentucky.

Jan. 16, 1987.

Rehearing Denied March 27, 1987.

Discretionary Review Denied
by Supreme Court
June 2, 1987.

Stewart B. Elliott, Owensboro, for appellants.

Frank Stainback, Owensboro, for appellees, Midwest Outdoor Advertising, Inc., and Ray McCormick, Jr.

Hubert P. Griffin, Louisville, for appellees, Commonwealth of Kentucky, Transportation Cabinet, and G.C. Ethington.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge:

This is an appeal from a judgment of the Daviess Circuit Court which denied appellants relief against appellees Midwest Outdoor Advertising, Inc., and Ray McCormick, Jr., and overruled a motion for a writ of mandamus against appellee Transportation Cabinet.

This controversy concerns an electronic message center, (sign), which was constructed in Owensboro. In February, 1983, McCormick applied for a permit to construct this sign. Owensboro's building inspector was concerned that such a sign might violate a city ordinance prohibiting "flashing signs." Owensboro Metropolitan Zoning Ordinance (hereinafter, OMZO) § 9.4. The ordinance defines a flashing sign as one in which the illumination varies in intensity. OMZO § 14.94. After some investigation, the inspector concluded that the sign would not violate the ordinance.

A building permit containing a prohibition against flashing was issued on March 4, 1983.

This sign was constructed and began operation in April, 1983. In early 1984, McCormick transferred all of his interest in the message center to Midwest, which continues to operate the sign. After more than a year of operation, the new associate director and building inspector of appellant Owensboro Metropolitan Planning Commission sent a letter to McCormick by regular mail, dated July 20, 1984, claiming that the sign violated the city's zoning ordinance, since it was a flashing sign. This letter also asked that the violation be corrected within thirty days. Having no interest in the sign, McCormick gave the letter to Midwest. In a letter dated August 20, 1984, Midwest denied that the sign was in violation of any regulation.

Appellants also contacted the Transportation Cabinet concerning possible violations of state regulations. The Cabinet replied, in letters, that the sign violated KRS 177.863(4)(a) and 603 KAR 3:020 § 3(1)(g). One such letter, dated November 29, 1984, was sent to McCormick. This letter demanded that the sign be brought into compliance or removed within thirty days.

Midwest continued to operate the sign. On October 10, 1984, appellants filed suit asking that the sign be removed and that McCormick and Midwest be made to pay a fine of $50 per day for every day the sign was in operation past August 20, 1984. The suit also requested that a writ of mandamus be issued against the Transportation Cabinet, ordering the cabinet to remove the sign as a public nuisance pursuant to KRS 177.870. Following a bench trial, the Daviess Circuit Court concluded that the sign did not flash and appellants were not entitled to the writ of mandamus. Appellants' motion to vacate judgment was overruled, and this appeal followed.

Appellants first contend that the circuit court lacked jurisdiction to find that this sign did not violate the ordinance. Notwithstanding the fact that appellants initially brought this action, they argue that appellees were precluded from chal-

lenging the findings of the zoning administrator since there was no appeal to the Owensboro Board of Adjustment pursuant to KRS 100.261 and OMZO § 7.4. These sections, however, only deal with *official actions* of an administrator. Owensboro's regulations are clear as to what constitutes the action to be taken if a sign is found to be in violation of the ordinance:

> [T]he Zoning Administrator shall notify by registered mail or written notice served personally to the owner or lessee therefore to alter such sign as to comply with this Zoning Ordinance and to secure the necessary permit, therefore, or to remove the sign. If such order is not complied with within ten (10) days, the zoning administrator shall remove such sign at the expense of the owner or lessee thereof.

OMZO § 9.16. It is clear that the letter to McCormick fell short of complying with this ordinance, and we can find no error in the trial court holding that there was no official action.

In addition, the trial court rightfully points out that "... judicial relief is held available without exhausting administrative remedies where the statute is charged to be void on its face ..." *Goodwin v. City of Louisville,* 309 Ky. 11, 215 S.W.2d 557, 559 (1948). Appellants argue that this approach is precluded by *Moore v. Ward,* Ky., 377 S.W.2d 881 (1964), which held the "billboard act" to be constitutional. However, this case, upon which appellants rely, was decided two years prior to the enactment of KRS 177.863, the section of the "billboard act" which deals with illuminated or flashing signs. None of the cases following *Moore* deal with this particular section.

■ Appellants also argue that the trial court's finding that the sign did not flash was contrary to the evidence. In reviewing a lower court, we cannot set aside findings of fact unless they are clearly erroneous. CR 52.01. *See Greater Cincinnati Marine Service, Inc. v. City of Ludlow,* Ky., 602 S.W.2d 427, 429 (1980). The circuit court had the opportunity to hear evidence on both sides of the question. The inspector who issued the original permit testified that the sign did not flash in a manner

prohibited by the ordinance. Although this sign does contain a "flashing mode," both sides stipulated that this program was never implemented. A review of the record as a whole does not convince us that the finding that said sign did not flash was clearly erroneous.

■ Finally, appellants contend that the court erred in not granting the writ of mandamus pursuant to KRS 177.870. We agree with the trial court that this section gives the Commonwealth discretion as to when there is a need to remove advertising devices. Mandamus should only be granted when the party seeking relief has no other adequate remedy, and great and irreparable injury will result if the writ is not granted. *Glasson v. Tucker,* Ky., 477 S.W.2d 168, 169 (1972); *Farrow v. Downing,* Ky., 374 S.W.2d 480 (1964). Appellants have shown neither lack of other adequate remedies nor irreparable injuries.

The judgment of the Daviess Circuit Court is affirmed.

All concur.