ESTATE OF Lakeesha CLINE (Deceased); Brenda Cline (Personal Representative); and Melissa Whitaker (Personal Representative), Appellants,

v.

Honorable James G. WEDDLE (Judge, Adair Circuit Court); Spectrum Care Academy, Inc. (Real Party in Interest); Assured Health Properties, Inc. (Real Party in Interest); Ben A. Arnold (Real Party in Interest); and Brandy Hancock (Real Party in Interest), Appellees.

No. 2007–SC–000742–MR.

Supreme Court of Kentucky.

April 24, 2008.

Stephen L. Hixson, Bowling Green, KY, for Appellants.

James G. Weddle, Liberty, KY, for Appellee, Honorable James G. Weddle (Judge, Adair Circuit Court).

Michael A. Goforth, Crabtree & Goforth, London, KY, for Appellee, Spectrum Care Academy, Inc. (Real Party in Interest).

Hunter Durham, Durham & Zornes, Columbia, KY, for Appellee, Assured Health Properties, Inc. (Real Party in Interest).

David William Hemminger, Donald L. Cox, Lynch, Cox, Gilman & Mahan, PSC, Louisville, KY, for Appellee, Ben A. Arnold (Real Party in Interest).

Philip S. George, Jr., Lebanon, KY, for Appellee, Brandy Hancock (Real Party in Interest).

Opinion of the Court by Justice MINTON.

Aside from the rule providing for automatic stays in the execution or enforcement of judgments in limited situations,[1] the Kentucky Rules of Civil Procedure (CR) do not mention the type of stay orders that trial courts occasionally issue to halt proceedings in cases appearing on their dockets. But it would be fair to say that our limited decisional law on the subject regards such stays with some disfavor, holding that a trial court abuses its discretion by ordering a stay of indefinite duration in the absence of a pressing need.

In this appeal, we hold that the Court of Appeals erred when it declined to issue a writ to compel the trial court to vacate a stay order that suspended pretrial proceedings in a civil action filed by the Estate of LaKeesha Cline. The trial court had issued the stay order on its own motion and for an indeterminate duration without articulating any urgently important need for placing the case in limbo.

We also determine that the Court of Appeals appropriately declined to issue a writ to compel the trial court to consolidate two separate civil actions arising out of the death of LaKeesha Cline filed by the Estate in the Adair Circuit Court six months apart. Finally, we determine that the Court of Appeals appropriately declined to issue a writ compelling the trial court to grant the Estate's motion for leave to file a second amended complaint in the later-filed action.

## I. FACTS AND PROCEDURAL HISTORY.

Spectrum Care Academy is a psychiatric residential treatment facility for teenaged girls. One night in November 2004, Spectrum patient LaKeesha Cline fled its campus onto a busy road where she was struck by two cars and killed. Six months later, Cline's Estate filed a wrongful death action against Spectrum, alleging that negligence in Spectrum's treatment and care of Cline caused her "presence in busy highway traffic during darkness" and, ultimately, her death.

According to the Estate, it found during the course of pretrial discovery that it had additional claims against Spectrum and other defendants. So six months after filing its first wrongful death action, the Estate filed a second wrongful death action against these defendants, alleging negligence, as well as other claims, including conspiracy, fraud, conflict of interest, intentional infliction of emotional distress, false imprisonment, violation of consumer protection statutes, and tampering with physical evidence. The later-filed complaint sought to pierce Spectrum's corporate veil and demanded punitive, as well as compensatory, damages.

A couple of months after filing the second action, the Estate filed a motion to consolidate its two cases "because they deal with the same incident and the same parties, some of whom were added in the second case." The trial court denied the motion. Later, the trial court, acting on its own motion, ordered discovery halted in the second action, prompted possibly by the Estate's motion for leave to file an amended complaint to add more parties to the second lawsuit. Approximately four months after the stay order was entered, the Estate filed an original action in the Court of Appeals seeking a writ of mandamus to compel the trial court to grant the consolidation and amendment and to lift the stay order.

The Court of Appeals decided that the Estate was not entitled to a writ. In so

---

1. *See generally* CR 62.

doing, the Court of Appeals stated that the trial court's stay order was of limited duration since it would expire at the completion of the first wrongful death action. The Court of Appeals noted that the trial of the first action was originally scheduled to occur just a few weeks after the trial court entered its stay order. Ultimately, that trial was continued, as the Court of Appeals noted in a footnote. The Court of Appeals also noted that the Estate's access to discovery was not completely stymied by the stay since "a certain level of discovery had also taken place."

The Court of Appeals also rejected the Estate's claim of irreparable injury from the denial of the consolidation motion and of the motion for leave to file the second amended complaint filed in the second lawsuit. The Court of Appeals implied that the Estate's procedural entanglement was self-inflicted, noting the four-month delay in filing the petition for a writ to lift the stay order and commenting that "any injury petitioners may suffer stems for a significant part from their own strategy in filing two separate actions." Lastly, the Court of Appeals rejected the Estate's argument that this was a "special case" exempt from the irreparable injury showing requirement under *The Independent Order of Foresters v. Chauvin.*[2]

This appeal followed. Ben Arnold, the owner of Spectrum who was also sued individually in the later-filed wrongful death action, filed a motion to dismiss the appeal, claiming that we lack jurisdiction

"because, as confirmed by the Court of Appeals' Order denying mandamus relief, the Petition was untimely filed." This motion was passed to the merits along with an accompanying motion for leave to file a memorandum of law supporting the motion to dismiss.

## II. *ANALYSIS.*

A. *We Deny Motion to Dismiss for Untimeliness as Unnecessary for Resolution.*

According to Arnold's motion, the petition for the writ of mandamus was untimely filed; and Arnold claims we lack jurisdiction to consider it. Arnold contends that the Court of Appeals order confirms this point. But we find no language in the Court of Appeals' order indicating that it determined that it lacked jurisdiction to entertain the writ petition. Rather, the Court of Appeals simply decided that the Estate had not shown entitlement to the writ and cited the apparent four-month delay between the issuance of the stay and filing of the petition for mandamus relief as a factor belying the Estate's claims of irreparable injury:

> Another fact serving to defeat petitioners' claim of irreparable injury is that the record shows that the last action taken by the trial court in this matter dates back to January[ ] 2007, while the original action was not filed until late May[ ] 2007, which also happened to be, at the time, less than one month before the scheduled trial date.[3]

**2.** 175 S.W.3d 610, 616 (Ky.2005), *quoting Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky. 1961). (" '[I]n certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration.' ") The court in *Chauvin*

further identified such limited situations as including judicial actions, which "would blatantly violate the law, for example, by breaching a tightly guarded privilege or by contradicting the clear requirement of a civil rule." *Id.* at 617.

**3.** The Estate claims that the trial date was actually scheduled to take place more than two months (approximately seventy-two days)

So, contrary to Arnold's argument, the Court of Appeals did not rule that it lacked jurisdiction nor did it suggest that the petition for mandamus was not timely filed. The Court of Appeals simply observed that the passage of time between the trial court's last action—presumably referring to the stay order in the second case—and the filing of the petition suggested that the Estate's claimed injury was neither urgent nor irreparable.

We reject Arnold's argument that even though "[t]here is no set limitations period in Kentucky's Civil Rules for filing a petition for extraordinary relief," logic demands that the thirty-day limitations period for filing an appeal from a final judgment under CR 73.02(1)(a) must also apply to petitions for extraordinary relief. Such a limitations period for filing petitions for extraordinary relief has not been established in Kentucky by court rule or otherwise,[4] other states' authority to the contrary notwithstanding. And because we find no error in the Court of Appeals' determination that extraordinary relief is not warranted on the merits, except that we find the stay must be lifted, we do not find it necessary to address whether the time limits for appeals under CR 73.02 must also apply to petitions for extraordinary relief governed by CR 76.36. So we deny the motion to dismiss the appeal and the motion for leave to file a supporting memorandum of law.

### B. We Affirm Court of Appeals' Determination that Mandamus Not Warranted in Regard to Consolidation and Leave to Amend Complaint.

Under Kentucky law, a writ for extraordinary relief, such as a writ of mandamus or a writ of prohibition, may only be granted:

upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.[5]

The Estate does not claim that the trial court was acting outside its jurisdiction but, rather, argues that the trial court acted erroneously. It contends that the trial court's actions would result in irreparable injury and great injustice and that it has no adequate remedy by appeal because the trial court's actions split its cause of action and could result in the Estate's having to appeal even a favorable result in the first action to preserve the issue of the refusal to consolidate and the wrongful issuance of the stay order. According to the Estate's brief,

Since the defendants are agents of each other, the doctrine of *res judicata* will

---

after the day the petition for extraordinary relief was filed.

4. As Arnold admits, no time limitations period for filing a petition for extraordinary relief is set forth in CR 76.36. And we are unaware of any Kentucky cases addressing whether the time limits for appeals set forth in CR 73.02 should apply to petitions for extraordinary relief filed under CR 76.36. However, pre-Civil Rules case law stated that there was no limitations period for filing a writ for extraordinary relief; although, laches (an equitable

defense based on delay) might operate to bar the writ. *See City of Paducah v. Gillispie*, 273 Ky. 101, 115 S.W.2d 574, 577–78 (1938).

5. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Although *Hoskins* involved a request for a writ of prohibition, we have indicated that the same showing must be made to obtain a writ of mandamus. *See, e.g., Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky.2007); *Hodge v. Coleman*, 244 S.W.3d 102, 109 (Ky.2008).

extinguish claims against some of them unless a supervisory writ assures that all tortfeasors and claims arising from the accident are tried together.

■ We review the Court of Appeals' denial of the writ of mandamus under an abuse of discretion standard.[6] Ultimately, we conclude that the Court of Appeals did not abuse its discretion in denying extraordinary relief in regard to consolidation and leave to amend the complaint, although our analysis differs somewhat. The Court of Appeals' opinion focuses on whether an irreparable injury was demonstrated or whether this was a special case meriting extraordinary relief without a showing of irreparable injury and great injustice. We think it more appropriate to focus first on whether the petitioner had an adequate remedy by appeal because we have stated that a showing of no adequate remedy by appeal is "an absolute prerequisite" to obtaining a writ for extraordinary relief[7] while a showing of irreparable injury is not "an absolute prerequisite" to obtaining such relief.[8]

■ " 'No adequate remedy by appeal' means that any injury to Appellants 'could not thereafter be rectified in subsequent proceedings in the case.' "[9] We fail to see how the Estate would not have an adequate remedy by appeal from the trial court's denial of consolidation or leave to amend simply because the Estate might need to appeal a favorable result in the first action in order to preserve issues in the second action. Even if the Estate were required to appeal the lack of consolidation or leave to amend after obtaining a favorable result in the first action, this does not show that "any injury" could not be "rectified in subsequent proceedings." The fact that the Estate might be required to prosecute an appeal to protect its rights does not establish that it has no adequate remedy by appeal, just as we have similarly rejected another party's argument that an appeal could not remedy its having to go to the expense of litigating its case at trial in the first place.[10]

Because we find no showing of an inadequate remedy by appeal, we affirm the Court of Appeals' denial of the writ to compel consolidation and leave to amend based upon this alternative ground.

Because we affirm that part of the Court of Appeals' decision that denied a writ mandating consolidation and leave to amend the complaint based on a lack of showing of "no adequate remedy by appeal," we necessarily do not address the merits of whether the trial court committed any sort of error in denying the motion for consolidation or denying the request to file a second amended complaint in the second action. The trial court has considerable discretion in such matters to manage its own docket;[11] and, furthermore, these issues may be properly analyzed in

---

6. *Sowders,* 241 S.W.3d at 322.

7. *Chauvin,* 175 S.W.3d at 615.

8. *Id.* at 616, *quoting Bender,* 343 S.W.2d at 801.

9. *Id.* at 614–15, *quoting Bender,* 343 S.W.2d at 802.

10. *Chauvin,* 175 S.W.3d at 615.

11. Consolidation is discretionary under our rules because CR 42.01 provides that a trial court "may" consolidate factually related actions. Although CR 15.01 provides that leave to amend a complaint *"shall* be freely given when justice so requires[,]" our case law establishes that an abuse of discretion standard of review applies to trial court rulings on whether to grant leave to amend, (emphasis added) *See, e.g., Laneve v. Standard Oil Co.,* 479 S.W.2d 6, 9 (Ky.1972.)

more depth if necessary on appeal.[12]

Although we do not find it necessary to address the issue of irreparable injury, we do not take issue with the Court of Appeals' observation that perhaps the "splitting" of the cause of action, to which the Estate points as an irreparable injury, is a perplexity the Estate created by its own stratagem of filing a second action rather than simply seeking to amend the complaint in its first-filed action to add additional claims and parties. The Estate argues (1) that it filed a second action rather than seeking to amend the complaint in the first action to avoid potential statute of limitations problems and (2) that it fully expected the trial court to consolidate the actions given their common facts. But we, too, find unavailing the Estate's argument that courts with supervisory authority should grant extraordinary relief by compelling the trial court to consolidate the two civil actions when the Estate has, as a strategic maneuver, filed a second separate suit rather than first seeking leave of the trial court to amend the first-filed complaint.

C. *Stay Must be Limited as Hindering Search for Truth without Balancing of Interests.*

■ While the Court of Appeals correctly declined to mandamus the trial court on the consolidation and amend issues, we are constrained by our own precedent following long-standing United States Supreme Court precedent to hold that the Court of Appeals erred in denying a writ to vacate the stay order entered in the second action.

In *Rehm v. Clayton,*[13] the trial court had entered summary judgment in favor of defendants on the plaintiffs' premises liability claims and the plaintiff appealed. However, the plaintiff's products liability claims were scheduled for trial approximately one year after summary judgment was granted on the premises liability claims. A defendant (sued on both premises liability and products liability claims) moved the trial court for a stay of discovery and trial on the products liability claims, "pending the outcome of the appeal of the dismissal of the premises liability defendants."[14] The trial court granted the stay, and the plaintiff requested a writ prohibiting the trial court from staying discovery but not from staying trial. The Court of Appeals denied the writ, and the plaintiff appealed to this Court.[15]

This Court reversed, quoting liberally from *Landis v. North American Company,*[16] for the proposition that "a trial court abuses its discretion by ordering 'a stay of indefinite duration in the absence of a pressing need.'"[17] This Court then explained that the defendants' wish to avoid the burden of having to repeat much of the discovery process if the premises liability claim were reversed on appeal was out-

---

12. In *Farrow v. Downing*, 374 S.W.2d 480 (Ky.1964), our predecessor court held that any error in a trial court's denial of leave to file an amended complaint could be easily redressed in the normal appellate process, thus, entitlement to extraordinary relief by writ was not shown. *Id.* at 481. This Court has similarly held that a trial court's order ruling on consolidation could also be redressed in the normal appellate process, making a writ unnecessary in the unpublished case of *Brown v. Clayton*, 2003 WL 22415740 (Ky. October 23, 2003).

13. 132 S.W.3d 864 (Ky.2004).

14. *Id.* at 866.

15. *Id.*

16. 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

17. *Rehm*, 132 S.W.3d at 869, *quoting Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

weighed by the plaintiff's interest in going forward with discovery because of the possibility of extensive delay resulting in witnesses' becoming unavailable or unable to remember, evidence being lost or destroyed, and physical conditions changing.[18] This explanation supported this Court's finding that:

> a discovery stay as extensive as the one ordered by the trial court is likely to cause irreparable injury to the Appellants for which no adequate remedy by appeal exists.[19]

In the instant case, the Court of Appeals distinguished *Rehm*, stating that the stay ordered by the trial court was not indefinite in duration; but the stay would be lifted following trial of the first action, which was scheduled to take place a relatively short time from the time the trial court issued the stay order. The Court of Appeals noted in a footnote that the scheduled trial of the first action, ultimately, was continued. And the Court of Appeals erroneously found that the stay would be lifted once trial in the first case was complete. More accurately, the trial court stated in the stay order that the second action "shall be held in abeyance pending further orders and pending further action in [the Estate's first-filed case]." As we read the trial court's order, it established no definite terminus. Apparently, the trial court announced that he was staying the second action pending "completion" of the first action—an ambiguous term which might mean trial or might mean end of any appeal, either of which might take years to complete.[20] In any event, we fail to see how the trial court's stay order in the case before us was more definite than the stay order entered in *Rehm* pending appeal.

Although we recognize that a trial court has inherent power to stay proceedings as part of managing its own docket, it abuses its discretion by ordering an indefinite stay in a pending case without a clear showing of a "pressing need."[21] We find no indication in the instant case that the trial court balanced the parties' interests and determined that some "pressing need" warranted the stay. Arnold argues that the trial court must have ordered the stay in order to resolve an underlying negligence claims before proceeding to the issue of whether to pierce the corporate veil. But we can find no indication on the record that the trial court's issuance of the stay was based on this ground. Rather, the trial court issued the indefinite stay without articulating any basis. In fact, because the trial court issued the stay order on its own motion, the defendants themselves had not advanced any "pressing need" for such a stay, yet, the potential for losing valuable evidence exists with discovery stayed. And we have found the deleterious effects of the passage of time during a stay to be an "irreparable injury with no adequate remedy by appeal" in *Rehm*.

Arnold also contends that the stay caused no injury because the Estate had already obtained sufficient discovery, including depositions of individual defendants Arnold and Brandy Hancock, on the

---

18. *Id.* at 870, 57 S.Ct. 163.

19. *Id.* at 867, 57 S.Ct. 163.

20. We were not provided with certified transcripts or videotapes of the trial court's hearings on these matters. Instead, the Estate appended a CD purporting to contain video of the trial court's hearings to the briefs. The Civil Rules do not provide for our review of such non-certified recordings, however. Nonetheless, we note that the Appellees do not dispute that the trial court orally stated that it was holding the second action in abeyance pending "completion" of the first action.

21. *Rehm*, 132 S.W.3d at 869, *citing Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

issue of piercing the corporate veil; and the Estate had even stated in its pleadings that in its own opinion, it already had enough evidence to justify piercing the corporate veil. But we simply cannot predict whether this evidence would be sufficient to convince the factfinder of the necessity of piercing the corporate veil or to prove any of the other claims. Nor do we know whether additional discovery might yield additional evidence useful for proving other claims. Given the threat that evidence might disappear before it is discovered, we simply cannot uphold the trial court's stay on the basis of speculation that a party might have already obtained enough evidence to prove (or at least create a jury issue as to) one of several claims.

Because the issuance of the stay order led to "an irreparable injury with no adequate remedy by appeal" under our case law, the Court of Appeals erred in denying the petition for a writ of mandamus to compel the trial court to vacate the stay of discovery.

### D. *No Confession of Judgment Will be Recognized.*

 Finally, we reject the Estate's argument that Brandy Hancock and Assured Health Properties, Inc., should be deemed to have confessed judgment in the Estate's favor by failing to file briefs in this appeal. The Estate cites CR 76.12(8)(c):

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

However, appeals to the Kentucky Supreme Court of original proceedings arising in the Court of Appeals are specifically governed by CR 76.36(7), rather than CR 76.12, which governs other appeals, such as those of a trial court action or of an appellate rather than original proceeding in the Court of Appeals. CR 76.36 contains no statement concerning confession of error, nor does it refer to CR 76.12(8)(c), although it does explicitly refer to CR 76.12(2) and to the dictates of CR 76.12 in general in workers' compensation cases. Even if we assume for the sake of argument that CR 76.12(8)(c) is applicable to appeals in this type of case under CR 76.36(7), we note that the option of finding confession of judgment is discretionary because of the use of the word "may." Since other Appellees have filed briefs addressing whether the writ was properly denied and since we determine that extraordinary relief is only warranted as to the stay in this case, we decline to declare that Hancock's and Assured Health Property's failure to file briefs in this case amounts to a confession of judgment for a writ of mandamus to issue.

### III. *CONCLUSION.*

For the foregoing reasons, we affirm the Court of Appeals' denial of the petition for a writ of mandamus regarding consolidation and leave to amend. But we reverse the denial of a petition for a writ of mandamus to lift the stay and hereby remand to the Court of Appeals for entry of a writ of mandamus to compel the Adair Circuit Court to vacate the stay order in the later-filed civil action. We also deny the motion to dismiss the Appellants' appeal.

All sitting, except ABRAMSON, J., All concur.