**SUNBEAM CORPORATION,**
Appellant,

v.

**Honorable Ronnie C. DORTCH, Judge, Hancock Circuit Court, Appellee**

**and**

**Sherry J. McGlenon and Terry L. Parker, Co–Executors of the Estate of Leon J. Fischer, Real Parties in Interest.**

No. 2009–SC–000501–MR.

Supreme Court of Kentucky.

May 20, 2010.

Rebecca F. Schupbach, Wyatt, Tarrant & Combs, LLP, Louisville, KY, Counsel for Appellant.

Ronnie C. Dortch, Circuit Court Judge, Hartford, KY, pro se.

Rickie A. Johnson, Kenneth L. Sales, Joseph Donald Satterley, Sales, Tillman, Wallbaum, Catlett & Satterley, Louisville, KY, Counsel for Real Parties in Interest.

Opinion of the Court by Justice ABRAMSON.

Sunbeam Corporation appeals from a 2009 Order of the Court of Appeals denying its petition for a writ to compel its dismissal from a wrongful death action. Agreeing with the Court of Appeals that Sunbeam has failed to establish its entitlement to extraordinary relief, we affirm.

### RELEVANT FACTS

Sunbeam Corporation (now known as American Products, Inc., but referred to in these proceedings by its former name) is one of several defendants in a wrongful death suit now proceeding in the Hancock Circuit Court. The wrongful death action is being pursued by Sherry McGlenon and Terry Parker, the real parties in interest who are co-executors of the estate of their father, Leon Fischer. Fischer died from lung-related mesothelioma, and the executors allege that he contracted that disease as a result of being exposed to asbestos fibers during the course of his career as a maintenance worker, including during his work for National Aluminum in Hawesville, Kentucky. At National Aluminum, allegedly, Fischer was exposed to asbestos-containing furnaces supplied by Sunbeam or a predecessor in interest. Sunbeam moved to be dismissed from the executors' suit on the ground that its 2002 reorganization under the bankruptcy laws discharged any claim that Fischer may have had against it.

When the trial court indicated that it would deny the motion to dismiss, Sunbeam added to its motion a contention that jurisdiction over claims bearing on its discharge was lodged exclusively in the bankruptcy court and accordingly that the Hancock Circuit Court lacked jurisdiction to proceed. By order entered April 23, 2009, the trial court denied the motion to dismiss, whereupon Sunbeam moved the Court of Appeals for a writ compelling the dismissal. The Court of Appeals denied extraordinary relief and explained that in its view the trial court was acting within its jurisdiction over wrongful death cases and that otherwise Sunbeam had an adequate remedy by appeal from the trial court's alleged error in not giving effect to Sunbeam's discharge.

Pursuant to CR 76.36(7)(a), Sunbeam now appeals from the Court of Appeals' decision, and reiterates its contentions that only the bankruptcy court has jurisdiction to construe its discharge and that it will suffer irreparable injury if not given immediate relief from the trial court's erroneous refusal to give effect to Sunbeam's discharge. Although our reasoning differs slightly from that of the Court of Appeals, we agree that the writ was properly denied and so affirm that Court's Order.

### ANALYSIS

Sunbeam asserts, correctly, that it is not, as the Court of Appeals apparently believed, attacking the trial court's jurisdiction to entertain wrongful death cases. It is attacking rather the court's jurisdiction to construe Sunbeam's bankruptcy discharge, a subject matter, according to Sunbeam, reserved exclusively for bankruptcy courts. Sunbeam, however, has read the bankruptcy court's exclusive jurisdiction too broadly. While it is true

that state courts lack jurisdiction to modify or to grant relief from a bankruptcy court's discharge injunction, they retain, with a few exceptions not pertinent here, concurrent jurisdiction under 28 U.S.C. § 1334(b) "to construe the discharge and determine whether a particular debt is or is not within the discharge." *In re Pavelich,* 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999). *See also, In re Stabler,* 418 B.R. 764, 770 (8th Cir. BAP 2009) (with a few exceptions, "state courts have concurrent jurisdiction to determine the dischargeability of a debt," as well as "whether [certain debts] constituted post-petition debts outside the penumbra of the discharge and discharge injunction."); *In re Hamilton,* 540 F.3d 367, 373 (6th Cir.2008) ("[s]tate courts have unbridled authority to determine the dischargeability of debts" but an incorrect interpretation that effectively modifies the discharge order is ineffective.); *In re McGhan,* 288 F.3d 1172 (9th Cir.2002) (approving of *Pavelich, supra* ); *In re Lenke,* 249 B.R. 1 (Bankr.D.Ariz. 2000) (" '[T]he bankruptcy court's jurisdiction [to determine that a debt has been discharged] is concurrent with that of the appropriate local court.' ") (brackets in original; quoting from 1A *Collier On Bankruptcy* § 17.28A at 1739 (14th ed. 1978)); *In re Honeycutt,* 228 B.R. 428, 430 (Bankr.E.D.Ark.1998) (With a few exceptions, "state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts.").

■ In *Herring v. Texaco, Inc.,* 161 Wash.2d 189, 165 P.3d 4 (2007), the Supreme Court of Washington had before it a case, like this one, in which the defendant's Chapter 11 bankruptcy discharge was alleged to bar an asbestos-related wrongful death claim. The plaintiff maintained that the decedent's claim had not been discharged, and the Court, noting its authority to address the issue, explained that "[s]tate courts have concurrent jurisdiction with federal bankruptcy courts over dischargeability issues.... While state courts lack the power to modify or dissolve an order, we do have the power to determine its applicability when discharge is raised as a defense to a state cause of action filed in state court." *Id.* at 7–8 (citations omitted). We agree.

■ Here, the executors are not asking the trial court to exempt Fischer's claim from Sunbeam's discharge. They assert rather that Fischer's claim was not discharged, on the ground, apparently, that Sunbeam did not comply with requirements for bringing asbestos claims within the discharge. The merits of that assertion are not before us. We are concerned only with whether the trial court has jurisdiction to entertain it, and as the cases cited above make clear, it does.

Against this conclusion, Sunbeam cites three cases in support of its contention that only the bankruptcy court has jurisdiction to consider the dischargeability of a debt. Two of them, *Matter of Halpern,* 50 B.R. 260 (Bankr.N.D.Ga.1985), *aff'd* 810 F.2d 1061 (11th Cir.1987), and *Matter of Moccio,* 41 B.R. 268 (Bankr.D.N.J.1984) address claims that fall within exceptions to the general rule of concurrent state court jurisdiction. Those exceptions do not apply here. In the third, *In re Comer,* 723 F.2d 737, 740 (9th Cir.1984), the Court noted that "the 1970 Amendments to the Bankruptcy Act ... imposed exclusive jurisdiction upon the bankruptcy courts to determine dischargeability." The *Comer* Court did not address 28 U.S.C. § 1334, which divides jurisdiction between bankruptcy and state courts under the current Bankruptcy Code. To the extent that *Comer* might be construed as authority for the proposition that bankruptcy courts have exclusive jurisdiction to determine dischargeability under current law, we find it

unpersuasive in light of the more recent United States Court of Appeals for the Ninth Circuit authority cited above, *McGhan*, which is to the contrary.

■ Finally, Sunbeam contends that even if the trial court is acting within its jurisdiction, a writ should still issue because the trial court is acting erroneously "and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Estate of Cline v. Weddle*, 250 S.W.3d 330, 334 (Ky.2008) (reiterating the narrow grounds upon which a writ of prohibition or mandamus may be granted); *Cox v. Braden*, 266 S.W.3d 792 (Ky.2008) (writs are disfavored and are to be granted only in extraordinary circumstances). Where the trial court is acting within its jurisdiction, "a showing of no adequate remedy by appeal is 'an absolute prerequisite' to obtaining a writ for extraordinary relief." *Estate of Cline*, 250 S.W.3d at 335 (quoting *The Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610 (Ky.2005)).

■ Sunbeam claims that it lacks an adequate remedy by appeal "because without relief from the lower court's erroneous denial of its motion to dismiss, it will be forced to prepare for and defend itself before a court that lacks jurisdiction on a matter that has already been discharged in bankruptcy." As explained above, however, the trial court has jurisdiction to consider whether the executors' claim has been discharged. Otherwise, as correctly noted by the Court of Appeals, under our law the ordinary expense of litigation does not render an appeal inadequate. *Estate of Cline*, 250 S.W.3d at 335 (citing *Chauvin* ). Sunbeam's resort to foreign authority for a different rule is not persuasive. Finally, Sunbeam's unsupported assertion that the executors' claim is being pursued in bad faith is equally unpersuasive as a basis for extraordinary relief.

### CONCLUSION

In sum, although for reasons slightly different than those relied upon by the Court of Appeals, we agree with that Court that the trial court has jurisdiction to consider the dischargeability of the executors' claim against Sunbeam and that Sunbeam has an adequate remedy by appeal should it desire review of the trial court's rulings on that question. Accordingly, we affirm the July 9, 2009 Order of the Court of Appeals denying Sunbeam's petition for a writ.

All sitting. All concur.