RENDERED: OCTOBER 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1202-MR

CURARE LABORATORY, L.L.C.,
INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF
BLUEWATER TOXICOLOGY, L.L.C.                    APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 23-CI-02365

SOLAR HOLDINGS GROUP, L.L.C.;
JENNIFER BOLUS; AND PRAVEEN
ARLA                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Curare Laboratory, L.L.C., Individually and

Derivatively on behalf of Bluewater Toxicology, L.L.C. ("Bluewater")

(collectively, "Curare"), seeks review of an order of the Fayette Circuit Court that

dismissed both direct and derivative claims on the grounds of *res judicata*. For the reasons stated herein, we affirm the Circuit Court.

## I. Factual and Procedural Background

Prior to 2017, Solar Holdings Group, L.L.C. ("Solar") owned Bluewater, which operates as a scientific testing laboratory. Appellee, Jennifer Bolus ("Bolus"), was the majority holder of Solar and the manager of Bluewater. Appellee, Praveen Arla ("Arla"), was the minority member of Solar. In 2017, Curare purchased an 80% interest in Bluewater for $4,000,000 from Solar. Curare paid $250,000 at closing, and it was to finance the remaining balance through monthly payments. However, Curare quickly defaulted, and Solar filed a lawsuit in Fayette Circuit Court, Case No. 17-CI-04443. The Circuit Court entered a temporary injunction divesting Curare of all rights in Bluewater. Curare petitioned for a writ of prohibition from this Court to prevent enforcement of the injunction, and this Court denied relief. *See* No. 2018-CA-0572-OA.

While Solar's lawsuit was pending, Curare filed for Chapter 11 bankruptcy in the United States Bankruptcy Court of the Western District of Kentucky (Case No. 21-31588-CRM). While the bankruptcy was pending, Curare also filed an associated adversarial proceeding in the Bankruptcy Court (Case No. 21-03025-CRM) in which it challenged what it characterized as an illegal transfer of approximately $5,300,000 from Bluewater after the bankruptcy petition was

filed. As part of its bankruptcy plan, Curare indicated that as 80% member of Bluewater, it intended to file civil and/or adversarial proceedings to enforce individual and derivative claims. Bluewater, Solar, Bolus, and Arla filed motions to dismiss the adversary proceeding, arguing that the Bankruptcy Court lacked jurisdiction because the assets Curare attempted to claim did not belong to Curare but rather to Bluewater. They also argued that Curare failed to state a claim upon which relief could be granted because Curare had been divested of its interest in Bluewater by the Circuit Court. The parties extensively briefed the Bankruptcy Court, which on October 25, 2022, issued an order dismissing the adversarial proceeding pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). It also eventually dismissed the bankruptcy petition.

In July 2023, Curare filed the underlying complaint in the instant action in which it made numerous claims on behalf of itself and derivatively on behalf of Bluewater, including unjust enrichment, breach of fiduciary duty, and violation of the Kentucky Uniform Voidable Transactions Act.[1] Motions to dismiss were filed by Solar, Bolus, and Arla, who argued that, because the Bankruptcy Court dismissed the adversary proceeding on the grounds of failure to

---

[1] Although initially filed in a different division of the Fayette Circuit Court, the case was eventually transferred to Division IV, which was also handling 17-CI-04443.

-3-

state a claim, *res judicata* applied. Curare argued that the adversarial proceeding was dismissed for lack of subject matter jurisdiction and thus, that *res judicata* did not apply. The parties filed numerous briefs, and the Circuit Court held two lengthy hearings. Ultimately, the Circuit Court dismissed Curare's complaint, including the derivative claims, on the grounds of *res judicata*. This appeal followed.

## II. Standard of Review

Application of *res judicata* is a question of law. *Humber v. Lexington-Fayette Urban Cnty. Government*, 553 S.W.3d 273, 276 (Ky. App. 2018). Thus, our review is conducted *de novo*. *Id.*

## III. Analysis

Curare's arguments on appeal are two-fold: (1) the order dismissing the adversary proceeding by the Bankruptcy Court was not a judgment on the merits; and (2) the doctrine of *res judicata* is inapplicable to the derivative claims on behalf of Bluewater because there is neither identity of parties nor claims.

At the outset, it is crucial to acknowledge the parties' changing positions during the various stages of litigation. In Curare's complaint in the adversary proceeding filed in Bankruptcy Court, it challenged the alleged transfer of funds from Bluewater and stated, in relevant part, that Curare's 80% interest in Bluewater "could yield value to its bankruptcy estate and enable it to pay its

creditors and preserve the asset." Curare's complaint asked the Bankruptcy Court for an injunction to prevent transfer of what it characterized as its own assets, not Bluewater's.[2] In fact, Curare's characterization of the transferred funds as Curare's property permeates the bankruptcy complaint.[3]

Yet in a brief filed later in the Fayette Circuit Court and in its subsequent arguments at various hearings there, Curare argued that the transfers were not a transfer of Curare's bankruptcy estate property, and that Bluewater's assets are not Curare's assets. This apparent concession and inconsistency did not go unnoticed by the Circuit Court, who repeatedly questioned Curare about the "real world" disconnect between Curare's position, and the fact that Bluewater is *the only* asset of Curare.[4] According to Curare's bankruptcy attorney, who argued before the Circuit Court at a hearing on August 27, 2024, Curare had reserved claims on any derivative causes of action as outlined in the Bankruptcy Plan. Counsel indicated that Curare would seek a professional valuation of Bluewater,

---

[2] *See* Trial Record ("TR") 559.

[3] Curare's second claim in the adversarial proceeding was for "turnover and accounting pursuant to 11 [United States Code] U.S.C. §§ 541 and 542" in which Curare asserted that the other parties had "no authorization permitting them to convert Debtor's assets for their own use and benefit" and demanded a full accounting of the transfers and return of all funds to Curare. Claim three, entitled "avoidance of transfer under § 549 as to transferred funds," reiterated its contention that the transferred funds were property of the bankruptcy estate, and that transfer was not authorized by the bankruptcy code or the Bankruptcy Court. In total, Curare made seven claims in its complaint in the adversarial proceeding, all related to alleged transfer of funds from Bluewater that Curare claimed belonged to the bankruptcy estate.

[4] *See, e.g.*, Video Record ("VR") 8/27/24 at 9:14:26.

-5-

but it could not proceed with any derivative cause of action in Bankruptcy Court because the adversary proceeding was dismissed "on a procedural defect."[5] Counsel declined to acknowledge the fact that the Bankruptcy Court had also dismissed the case for the substantive reason of failure to state a claim.

In summary, Curare claimed in the adversarial proceeding that the funds allegedly transferred from Bluewater belonged, at least in part, to Curare due to its 80% interest, and it indicated that it attempted to pursue individual and derivative claims in its Bankruptcy Plan. However, once both actions were dismissed from Bankruptcy Court, Curare then took the position that the Bankruptcy Court did not have jurisdiction to hear claims related to Bluewater, and that Bluewater's assets were not Curare's assets.

For their part, Solar, Bolus, and Arla did in fact argue that the Bankruptcy Court lacked jurisdiction to hear any claims related to the assets of Bluewater, but now argue the claims *could have* been brought in Bankruptcy Court. They argued to the Circuit Court that Curare's attempt to assert derivative claims there was simply a result of its choosing not to assert them in Bankruptcy Court even though it had the opportunity. They also point out that despite their previous jurisdictional arguments, the Bankruptcy Court nevertheless issued a judgment on the merits, and thus *res judicata* applies. At one point, the Circuit

---

[5] *See* VR 8/27/24 at 9:22:09.

Court remarked that the parties were arguing in circles, and we certainly understand that assessment.[6] At the very least, the arguments of *all* parties have shifted and remained inconsistent throughout the various proceedings, which made the job of the Circuit Court extremely difficult, and consequently, complicates review by this Court.

Our first task is to address whether the October 25, 2022, Order of the Bankruptcy Court dismissing the adversary proceeding was an adjudication on the merits. Curare's position is that the Bankruptcy Court lacked jurisdiction to hear any issue related to the transfer of funds from Bluewater as demonstrated by dismissal pursuant to FRCP 12(b)(1); therefore, the claims were properly before the Fayette Circuit Court. However, we agree with the Circuit Court that the adversary proceeding was dismissed for failure to state a claim pursuant to FRCP 12(b)(6).

"Any involuntary dismissal, other than one for lack of jurisdiction, improper venue, or failure to join a necessary party, 'operates as an adjudication on the merits' unless the order dismissing specifically states otherwise. [FRCP] 41(b)." *Humber*, 553 S.W.3d at 278. In the instant action, the order dismissing specifically gave two reasons for dismissal: lack of subject matter jurisdiction

---

[6] *See* VR 6/12/24 at 12:15:05.

(FRCP 12(b)(1)) and failure to state a claim upon which relief can be granted (FRCP 12(b)(6)).

Curare argues that the Bankruptcy Court cannot simultaneously hold that it lacks subject matter jurisdiction and then rule on the merits by dismissing the action with prejudice due to failure of Curare to state a claim. Curare's argument is certainly logical. However, it suffers because Curare never raised it in federal court. Further, once the order was entered, Curare did not file a motion to alter, amend, or vacate pursuant to FRCP 59(e) for the purpose of additional findings and/or clarity in the allegedly conflicted reasoning. Curare also did not appeal the order. We agree that, had the Bankruptcy Court dismissed the adversarial proceeding due only to a lack of subject matter jurisdiction, it would not constitute a judgment on the merits. *See Clemmer v. Rowan Water, Inc.*, 277 S.W.3d 633, 635 (Ky. App. 2009).

However, this Court is without the authority to ignore the portion of the Bankruptcy Court's order that indicates that it dismissed Curare's adversarial proceeding with prejudice for failure to state a claim pursuant to FRCP 12(b)(6). It is longstanding law in Kentucky that, "[i]n bankruptcy matters as between a state court and a federal court, each will respect the jurisdiction of the other, lawfully acquired. Neither will attempt to review, modify or vacate a judgment lawfully rendered by the other in the due exercise of its jurisdiction." *Trinity Universal Ins.*

*Co. v. Farmers State Bank of Augusta, Ky.*, 187 S.W.2d 793, 796 (Ky. 1945).  In other words, this Court cannot modify the Bankruptcy Court's order to omit or add language.  While the Bankruptcy Court failed to elaborate on its reasoning, Curare did not press the point further, as it should have.

Finally, the Kentucky Supreme Court has been clear that our authority when it comes to bankruptcy proceedings is extremely limited.  "While state courts lack the power to modify or dissolve an order [entered by the bankruptcy court], we do have the power to determine its applicability when discharge is raised as a defense to a state cause of action filed in state court." *Sunbeam Corp. v. Dortch*, 313 S.W.3d 114, 116 (Ky. 2010) (citations omitted).  Our highest court further clarified that we may also entertain *whether* a claim was discharged by the Bankruptcy Court.  *Id.*  These extremely limited scenarios are not applicable in the instant action.  Accordingly, we agree with the Circuit Court that the order of the Bankruptcy Court is a judgment on the merits.

The Circuit Court also spent a great deal of time and effort attempting to ascertain whether the derivative claims *could have* been brought in Bankruptcy Court.  At a hearing before the Circuit Court on June 12, 2024, the parties agreed that the Bankruptcy Court held a telephonic hearing regarding Curare's motion for a temporary injunction in the adversarial proceeding.  They also agreed that the Bankruptcy Court denied the temporary injunction and stated that the claims

asserted by Curare were Bluewater's to bring. Unfortunately, the Bankruptcy Court never turned its oral declaration to a written order that appears in the record before us. "As a general rule, an oral pronouncement is not a judgment until it is reduced to writing." *Brock v. Commonwealth*, 407 S.W.3d 536, 538 (Ky. 2013) (citations omitted). However, after these decisions were rendered on the merits, the parties then proceeded to disagree as to whether the claims could have been brought in the Bankruptcy Court in the first place.

We agree with the Circuit Court's reasoning that it is logically impossible to separate Curare's claims related to the alleged transfer of Bluewater's funds from the bankruptcy proceedings, whether as direct or derivative claims. "[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [the Bankruptcy Court]." *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 461 (6th Cir. 2013) (citations omitted). In other words, it makes sense that the outcome of Curare's claims regarding transfer of funds from Bluewater would have impacted Curare's bankruptcy estate as 80% shareholder. Curare failed to explain convincingly any reason that the outcome could be otherwise.

However, because Curare did not assert the derivative claims at the temporary injunction stage, the Bankruptcy Court did not rule on whether Curare could bring them. More important, this Court is without authority to rule on what

causes of action are properly brought in the Bankruptcy Court. Had Curare attempted contemporaneously to assert the derivative claims, rather than simply allege after the fact of the Bankruptcy Court's ruling that it could not bring Bluewater's claims, the Bankruptcy Court's order likely would be more clear on that point. And this Court would have guidance from the Bankruptcy Court, one way or the other.

For example, it is *possible* that the Bankruptcy Court dismissed the adversary proceeding for failure to state a claim because it believed Curare no longer owned 80% interest in Bluewater due to the order entered in Fayette County Case No. 17-CI-04443 on July 30, 2018, which divested Curare of all rights in Bluewater. However, it was not until October 20, 2023 (*i.e.*, after the bankruptcy proceedings were dismissed), that the Fayette Circuit Court entered an order clarifying that the prior divestment order *did not* mean Curare no longer owned an 80% interest in Bluewater. As it stands, however, we do not have any indication of the reasoning used by the Bankruptcy Court.

No party has provided convincing authority that the derivative claims could or could not have been brought in Bankruptcy Court or that this Court has the authority to make that determination. We also note that the term "derivative claim" has a different meaning in federal bankruptcy proceedings than it does in the context of state civil proceedings. "Derivative claims in the bankruptcy context

-11-

are those that arise[ ] from harm done to the estate and that seek [ ] relief against third parties that pushed the debtor into bankruptcy." *In re Tronox Inc.*, 855 F.3d 84, 100 (2d Cir. 2017) (internal quotation marks and citations omitted). Whereas under Kentucky law,

> a derivative proceeding is an action brought by a *shareholder* "in the right of a corporation"—not by a corporation itself—to recover corporate losses or to protect the corporation's interests on behalf of a corporation. *See* [*Kentucky Bar Association v. Hines*, 399 S.W.3d 750, 769 (Ky. 2013)] (citing KRS[7] 271B.7-400(2)). Stated differently, it is a statutory remedy available to disappointed shareholders when a corporation's board of directors ignores or wrongfully refuses to enforce the corporation's right to redress a corporate injury and has effectively blocked the corporation from taking any direct action. *See generally* KRS 271B.7-400.

*Gross v. Adcomm, Inc.*, 478 S.W.3d 396, 402 (Ky. App. 2015).

While we agree that application of *res judicata* can be predicated on whether a claim could have been brought in a prior proceeding (*see Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)), we disagree that a determination about whether the Bankruptcy Court could have heard the claims in this instance is within the authority of this Court. For example, Curare argues that the derivative proceedings could not have been heard by the

---

[7] Kentucky Revised Statute.

-12-

Bankruptcy Court because those claims do not arise in, and are not related to, the bankruptcy proceedings. "Arising in" and "related to" have technical meanings within bankruptcy (*see, e.g.*, *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991); *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 583-84 (6th Cir. 1990)), and Curare is essentially asking this Court to perform a deep dive into the minutia of bankruptcy law. Curare's argument, however, was better suited for the federal courts.

The more direct question before us is whether the Circuit Court correctly applied *res judicata* as related to claim or issue preclusion.

> The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. *Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Worton v. Worton*, 234 Cal. App. 3d 1638, 286 Cal. Rptr. 410 (2 Dist .1991), *rev. denied* (Cal) 1992 LEXIS 472; *County of Rutherford by Child Support Enforcement Agency v. Whitener*, 100 N.C.App. 70, 394 S.E.2d 263 (1990); Vestal, *The Constitution and Preclusion—Res Judicata*, 62 Mich. L. Rev. 33. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter

which was or could have been brought in support of the cause of action. *Worton*, 234 Cal. App. 3d at 1638, 286 Cal. Rptr. 410; *Commonwealth, Dept. of Transp. v. Crawford*, 121 Pa. Cmwlth. 613, 550 A.2d 1053 (1988).

For claim preclusion to bar further litigation, certain elements must be present. First, there must be identity of the parties. *Newman v. Newman*, Ky., 451 S.W.2d 417, 419 (1970). Second, there must be identity of the causes of action. *Id.* Third, the action must have been resolved on the merits. *Id.* The rule that issues which have been once litigated cannot be the subject matter of a later action is not only salutary, but necessary to the speedy and efficient administration of justice.

. . . .

For issue preclusion to operate as a bar to further litigation, certain elements must be found to be present. First, the issue in the second case must be the same as the issue in the first case. *Restatement (Second) of Judgments* § 27 (1982). Second, the issue must have been actually litigated. *Id.* Third, even if an issue was actually litigated in a prior action, issue preclusion will not bar subsequent litigation unless the issue was actually decided in that action. *Id.* Fourth, for issue preclusion to operate as a bar, the decision on the issue in the prior action must have been necessary to the court's judgment. *Id.*

*Yeoman*, 983 S.W.2d at 464-65 (footnote omitted).

As to the first prong of the analysis, the issues in the case *sub judice* are the same issues presented in the adversary proceeding: the alleged unauthorized transfer of funds from Bluewater to Solar and/or Bolus and/or Arla, and Curare's claims to those funds as 80% shareholder in Bluewater. Second, this

-14-

issue was actually litigated before the Bankruptcy Court, which dismissed it for failure to state a claim. Unfortunately, we do not know the underlying reasoning behind the Bankruptcy Court's order. Nevertheless, Curare has failed to convince us that the issues were not the same. Importantly, as explained in *Yeoman*, *supra*, "[t]he key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts." *Id.* at 465. Here, the claims clearly arise from the same nucleus of facts surrounding alleged transfer of funds from Bluewater by Solar and/or Bolus. It is unclear why the claims were not brought as counterclaims by Curare in 17-CI-04443; nevertheless, Curare chose to pursue the claims in Bankruptcy Court where they were dismissed with prejudice due to failure to state a claim pursuant to FRCP 12(b)(6). This dismissal constitutes the third ground of the issue having been actually decided. Fourth, the ground of failure to state a claim on which relief may be granted was certainly subsumed within the Bankruptcy Court's order of dismissal. Accordingly, the doctrine of *res judicata* would apply to bar this suit. Thus, the Circuit Court did not err.

## IV. Conclusion

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | JOINT BRIEF FOR APPELLEES: |
|---|---|
| Andrew R. Smith<br>Lexington, Kentucky | R. Kenyon Meyer<br>Juels M. White<br>Louisville, Kentucky |
| Charity Bird<br>Louisville, Kentucky | Carroll M. Redford, III<br>Lexington, Kentucky |